

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

LAWRENCE E. PENN, III,
MICHAEL ST. ALTURA EWERS,
CAMELOT ACQUISITIONS SECONDARY
OPPORTUNITIES MANAGEMENT, LLC,
THE CAMELOT GROUP INTERNATIONAL,
LLC, and
SSECURION LLC,

Defendants,

- AND -

A BIGHOUSE PHOTOGRAPHY AND FILM
STUDIO LLC,

Relief Defendant.

> USDS SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: _1/30/2014_

14 Civ ____
ECF Case

## [PROPOSED] ORDER TO SHOW CAUSE, TEMPORARY RESTRAINING ORDER, AND ORDER FREEZING ASSETS AND GRANTING OTHER RELIEF

On the Emergency Application of the Securities and Exchange Commission (the

"Application") for an Order:

1.   directing Defendants Lawrence E. Penn, III ("Penn"), Michael St. Altura Ewers

("Ewers"), Camelot Acquisitions Secondary Opportunities Management, LLC

("CASO Management"), The Camelot Group International, LLC ("CGI"),

Ssecurion LLC ("Ssecurion") (collectively "Defendants"), and Relief Defendant

A Bighouse Photography and Film Studio LLC ( "Relief Defendant"), to show

cause why an order should not be entered, pending a final disposition of this

~~action:~~

(a)     preliminarily enjoining Penn and CASO Management from violating

Sections 204, 206(1) and (2), and 207 of the Investment Advisers Act of

1940 ("Advisers Act"), [15 U.S.C. §§ 80b-4, 80b-6(1) and (2), 80b-7] and

Rule 204-2(a) thereunder [17 CFR 275.204-2(a)], and Section 10(b) of the

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C.

§ 78j(b)]; and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5];

(b)     preliminarily enjoining Ewers, Ssecurion, and CGI from aiding and

abetting any person's violations of Sections 206(1) and (2) of the Advisers

Act, and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder;

(c)     freezing the Defendants' assets;

(e)     freezing the Relief Defendant's assets up to the amount of the potential ill-

gotten gains that the Relief Defendant received;

(f)     ordering Defendants and Relief Defendant to repatriate any investor funds

held overseas and freezing all such repatriated funds;

(g)     prohibiting the destruction, alteration, or concealment of documents; and

2.     pending adjudication of the foregoing, an Order

(a)     temporarily restraining the Defendants from violating, or aiding and

abetting the violation, of the aforementioned statutes and rules;

(b)     freezing the Defendants' assets;

(c)     freezing the Relief Defendant's assets up to the amount of the potential ill-

gotten gains that it received;

2

(d)     ordering Defendants and the Relief Defendant to repatriate any investor

funds held overseas and freezing all such repatriated funds;

(e)     directing Defendants and the Relief Defendant to provide verified

accountings immediately;

(f)     prohibiting the destruction and alteration of documents; and

(g)     providing that the Commission may take expedited discovery in

preparation for a hearing on this Order to Show Cause.

The Court has considered (1) the Complaint filed by the Commission on January 30,

2014; (2) the Declarations of Karen E. Willenken, Esq., James D'Avino and Jennifer Klein, all of

whom are members of the Commission's staff; (3) the Declaration of Howard A. Fischer, Esq.

Pursuant to Local Civil Rule 6.1; and (4) the memorandum of law in support of the

Commission's application.  Based upon the foregoing documents, the Court finds that a proper

showing, as required by Section 209(d) of the Advisers Act and Section 21(d) of the Exchange

Act, has been made for the relief granted herein, for the following reasons:

It appears from the evidence presented that, as charged in the Complaint, Defendants

have violated and, unless temporarily restrained, will continue to violate Sections 206(1) and (2)

of the Advisers Act, Section 10(b) of the Exchange Act, and Rule 10b-5 thereunder.

It appears from the evidence presented that the Defendants and Relief Defendant have

received ill-gotten gains derived from Defendants' unlawful conduct, to which they have no

legitimate claim, and that at least some of these funds have been deposited into accounts

controlled by one or more of the Defendants and Relief Defendant.

It appears that the Defendants and Relief Defendant may attempt to dissipate, deplete, or

transfer from the jurisdiction of this Court funds, property, and other assets that could be subject

to an order of disgorgement or an order imposing civil penalties.  It appears that an order freezing and repatriating the Defendants' and Relief Defendant's assets, as specified herein, is necessary to preserve the *status quo*, to protect this Court's ability to award equitable relief in the form of disgorgement of illegal profits from fraud and civil penalties, and to preserve the Court's ability to approve a fair distribution for victims of the fraud.

It appears that an order requiring Defendants and Relief Defendant to provide a verified accounting of all assets, money, and property held directly or indirectly by each of them, or by others for Defendants' or Relief Defendant's direct and indirect beneficial interest, is necessary to effectuate and ensure compliance with the freeze imposed on the Defendants' and Relief Defendant's assets.

It appears that the Defendants may attempt to destroy, alter, or conceal documents.

Good and sufficient reasons have been shown why procedure other than by notice of motion is necessary.

This Court has jurisdiction over the subject matter of this action and over Defendants and Relief Defendant, and venue properly lies in this District.


**NOW, THEREFORE,**

**I.**

**IT IS HEREBY ORDERED** that Defendants show cause, if there be any, to this Court at ___4 30___ p..m. on the _13_ day of _February_, 2014, in Room _12B_ of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, why this Court should not enter an Order pursuant to Rule 65 of the Federal Rules of Civil Procedure, Section 209(d) of the Advisers Act, and Section 21 of the Exchange Act, preliminarily enjoining

4

Defendants Penn and CASO Management from violating Sections 204, 206(1) and (2) and 207 of the Investment Advisers Act of 1940 ("Advisers Act"), and Rule 204-2(a) thereunder, and Section 10(b) of the Exchange Act and Exchange Act Rule 10b-5 thereunder; and preliminarily enjoining Defendants Ewers, Ssecurion, and CGI from aiding and abetting any person's violation of Sections 206(1) and (2) of the Advisers Act, and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

## II.

**IT IS FURTHER ORDERED** that Defendants show cause at that time why this Court should not also enter an Order directing that, pending a final disposition of this action, Defendants and each of their financial and brokerage institutions, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of such Order by personal service, facsimile service, telephonic notice, notice by e-mail, or otherwise, and each of them, hold and retain within their control, and otherwise prevent (except to the extent this Order requires any transfer to repatriate assets to the United States), any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal (including the use of any credit cards or any other incurring of debt) of any assets, funds, or other property (including money, real property or rent due from such real property, personal property, securities, commodities, choses in action, business interests, or other property of any kind whatsoever) of, held by, or under the control of Defendants, whether held in their names or for their direct or indirect beneficial interest, including, but not limited to, assets, funds or other property held by entities owned or controlled by, related to, or associated or affiliated with Defendants (including but not limited to TCGI Capital Group LLC, Caso Management, LLC, Excalibur Management, LLC, Ventizz II

Managers LLC, Ventizz III Managers LLC, TCG Advisers, LTD, The Camelot Group, Sarl), in

whatever form such assets may presently exist and wherever located (including but not limited to

all accounts in the names of any of the aforementioned individuals or entities at UBS AG

(Germany) or Barclays Bank PLC (United Kingdom)), and directing each of the financial or

brokerage institutions, debtors, and bailees, or any other person or entity holding such assets,

funds, or other property of Defendants to hold or retain within its or his control and prohibit the

withdrawal, removal, transfer, or other disposal of any such assets, funds, or other properties

including, but not limited to the accounts listed on Schedule A, the safety deposit box in the

name of Camelot Group International held at J.P. Morgan Chase Bank, and any accounts in the

names of any of the aforementioned individuals or entities at UBS AG or Barclays Bank PLC.

### III.

    **IT IS FURTHER ORDERED** that Relief Defendant show cause at that time why this

Court should not also enter an Order directing that, pending a final disposition of this action,

Relief Defendant and each of its financial and brokerage institutions, officers, agents, servants,

employees, and attorneys, and those persons in active concert or participation with them who

receive actual notice of such Order by personal service, facsimile service, telephonic notice,

notice by e-mail, or otherwise, and each of them, hold and retain within its control, and otherwise

prevent (except to the extent this Order requires any transfer to repatriate assets to the United

States), any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment, or

other disposal (including the use of any credit cards or any other incurring of debt) of any assets,

funds, or other property (including money, real property or rent due from such real property,

personal property, securities, commodities, choses in action, business interests, or other property

of any kind whatsoever) of, held by, or under the control of Relief Defendant, whether held in its

name or for its direct or indirect beneficial interest (including, but not limited to the accounts of Relief Defendant ending in 2031, 0167 and 0150 maintained at Citibank N.A.), in whatever form such assets may presently exist and wherever located, and directing each of the financial or brokerage institutions, debtors, and bailees, or any other person or entity holding such assets, funds, or other property of the Relief Defendant to hold or retain within its or his control and prohibit the withdrawal, removal, transfer, or other disposal of any such assets, funds, or other properties, up to the amount of potential ill-gotten gains that Relief Defendant received from any of the Defendants, which are estimated to be $4,741,882.

## IV.

**IT IS FURTHER ORDERED** that Defendants and Relief Defendant show cause at that time why this Court should not also enter an Order that directs that (a) Defendants and Relief Defendant shall immediately repatriate all funds and assets obtained, directly or indirectly, from the activities described in the Commission's Complaint that are now located outside the jurisdiction of this Court; (b) with respect to all funds and assets outside the jurisdiction of this Court that are repatriated by any one or more of the Defendants, such assets shall become subject to the restrictions described in paragraph II, above; (c) with respect to all funds and assets outside the jurisdiction of this Court that are repatriated by the Relief Defendant, such assets shall become subject to the restrictions described in paragraph III, above; and (d) with respect to any other asset owned and/or controlled by any one or more of the Defendants or Relief Defendant that is now located outside the jurisdiction of this Court (including, but not limited to, any monies, securities, or real or personal property), the Defendant or Relief Defendant with ownership or control over the asset shall immediately identify the location of such asset, the price paid or consideration given, and the date upon which it was purchased.

7

## V.

**IT IS FURTHER ORDERED** that Defendants and Relief Defendant show cause at that time why this Court should not also enter an Order enjoining and restraining them, and any person or entity acting at their direction or on their behalf, from destroying, altering, concealing, or otherwise interfering with the access of the Commission to any and all documents, books, and records that are in the possession, custody, or control of the Defendants or Relief Defendant, their respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, that concern, refer, reflect, or relate to the allegations in the Complaint, including, without limitation, documents, books, and records concerning, referring, reflecting, or relating to Defendants' or Relief Defendant's finances or business operations, or the offer, purchase, or sale of investment contracts or any other securities offered or sold by or through the Defendants or Relief Defendant and the use of proceeds therefrom.

## VI.

**IT IS FURTHER ORDERED** that the Defendants and the Relief Defendant show cause at that time why this Court should not also enter an Order enjoining the Defendants and Relief Defendant, and each of their creditors, principals, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise, from filing a voluntary or involuntary petition in bankruptcy on behalf of or against Defendants or Relief Defendant, without first seeking leave from this Court, with at least three (3) days' notice to the Commission, which leave shall be granted only after a hearing before this Court and upon such conditions as necessary to protect this Court's jurisdiction over the subject matter of this action.

## VII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for Preliminary Injunction, Defendants Penn and CASO Management and each of their agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are temporarily restrained from, directly or indirectly, singly or in concert, from violating Sections 204, 206(1) and 206(2) and 207 of the Advisers Act, 15 U.S.C. §§ 80b-4, 80b-6(1), (2) and § 80b-7, and Rule 204-2(a) thereunder, 17 C.F.R. §§ 275.204-2(a), while acting as an investment advisor, by the use of the mails or any means or instrumentality of interstate commerce,

(a) directly or indirectly to employ any device, scheme, or artifice to defraud any client or prospective client;

(b) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client;

(c) to engage in any act, practice, or course of business which is fraudulent, deceptive, or manipulative;

(d) to willfully make any untrue statement of material fact or omit to state any material fact required to be stated in any registration application or report filed with the Commission; or

(e) to fail to make and keep true, accurate, and current records or to fail to keep electronic books and records in a way that permits easy location, access, and retrieval.

## VIII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for Preliminary Injunction, Defendants Ewers, Ssecurion, and CGI, and each of their agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are temporarily restrained from  aiding and abetting any person who, directly or indirectly, singly or in concert,

  (a)    employs any device, scheme, or artifice to defraud any advisory client or prospective client; or

  (b)    engages in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon any advisory client or prospective client,

in violation of Sections 206(1) and (2) of the Advisers Act.

## IX.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for Preliminary Injunction, Defendants Penn and CASO Management, and each of their agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are temporarily restrained from, directly or indirectly, singly or in concert, in connection with the purchase or sale of any security, by use of the means or instrumentalities of interstate commerce, or of the mails, or of any facility of any national securities exchange:

  (a)    employing any device, scheme, or artifice to defraud;

  (b)    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)      engaging in any act, practice, or course of business which operates or would

            operate as a fraud or deceit upon any person,

in violation of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

## X.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the

Commission's Application for Preliminary Injunction, Defendants Ewers, Ssecurion, and CGI,

and each of their agents, servants, employees, and attorneys, and those persons in active concert

or participation with them who receive actual notice of this Order by personal service or

otherwise, are temporarily restrained from  aiding and abetting any person who, directly or

indirectly, singly or in concert, in connection with the purchase or sale of any security, by use of

the means or instrumentalities of interstate commerce, or of the mails, or of any facility of any

national securities exchange:

    (a)      employs any device, scheme, or artifice to defraud;

    (b)      makes any untrue statement of a material fact or omitting to state a material fact

            necessary in order to make the statements made, in light of the circumstances

            under which they were made, not misleading; or

    (c)      engages in any act, practice, or course of business which operates or would

            operate as a fraud or deceit upon any person,

in violation of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

## XI.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the

Commission's Application for a Preliminary Injunction, Defendants and each of their financial

and brokerage institutions, officers, agents, servants, employees, and attorneys, and those

persons in active concert or participation with them who receive actual notice of such Order by personal service, facsimile service, telephonic notice, notice by e-mail, or otherwise, and each of them, hold and retain within their control, and otherwise prevent (except to the extent this Order requires any transfer to repatriate assets to the United States), any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal (including the use of any credit cards or any other incurring of debt) of any assets, funds, or other property (including money, real property or rent due from such real property, personal property, securities, commodities, choses in action, business interests, or other property of any kind whatsoever) of, held by, or under the control of Defendants, whether held in their names or for their direct or indirect beneficial interest, including, but not limited to, assets, funds or other property held by entities owned or controlled by, related to, or associated or affiliated with Defendants (including but not limited to TCGI Capital Group LLC, Caso Management, LLC, Excalibur Management, LLC, Ventizz II Managers LLC, Ventizz III Managers LLC, TCG Advisers, LTD, The Camelot Group, Sarl), in whatever form such assets may presently exist and wherever located (including but not limited to all accounts in the names of any of the aforementioned individuals or entities at UBS AG (Germany) or Barclays Bank PLC (United Kingdom)), and directing each of the financial or brokerage institutions, debtors, and bailees, or any other person or entity holding such assets, funds, or other property of Defendants to hold or retain within its or his control and prohibit the withdrawal, removal, transfer, or other disposal of any such assets, funds, or other properties including, but not limited to the accounts listed on Schedule A, the safety deposit box in the name of Camelot Group International held at J.P. Morgan Chase Bank, and any accounts in the names of any of the aforementioned individuals or entities at UBS AG or Barclays Bank PLC.

## XII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction, Relief Defendant and each of its financial and brokerage institutions, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of such Order by personal service, facsimile service, telephonic notice, notice by e-mail, or otherwise, and each of them, hold and retain within its control, and otherwise prevent (except to the extent this Order requires any transfer to repatriate assets to the United States), any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal (including the use of any credit cards or any other incurring of debt) of any assets, funds, or other property (including money, real property or rent due from such real property, personal property, securities, commodities, choses in action, business interests, or other property of any kind whatsoever) of, held by, or under the control of Relief Defendant, whether held in its name or for its direct or indirect beneficial interest (including, but not limited to the accounts of Relief Defendant ending in 2031, 0167 and 0159 maintained at Citibank N.A.), in whatever form such assets may presently exist and wherever located, and directing each of the financial or brokerage institutions, debtors, and bailees, or any other person or entity holding such assets, funds, or other property of the  Relief Defendant to hold or retain within its or his control and prohibit the withdrawal, removal, transfer, or other disposal of any such assets, funds, or other properties, up to the amount of potential ill-gotten gains that Relief Defendant received from any of the Defendants, which are estimated to be $4,741,882.

## XIII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction, (a) Defendants and Relief Defendant shall immediately repatriate all funds and assets obtained, directly or indirectly, from the activities described in the Commission's Complaint that are now located outside the jurisdiction of this Court; (b) with respect to all funds and assets outside the jurisdiction of this Court that are repatriated by any one or more of the Defendants, such assets shall become subject to the restrictions described in paragraph XI, above; (c) with respect to all funds and assets outside the jurisdiction of this Court that are repatriated by the Relief Defendant, such assets shall become subject to the restrictions described in paragraph XII, above; and (d) with respect to any other asset owned and/or controlled by any one or more of the Defendants or Relief Defendant that is now located outside the jurisdiction of this Court (including, but not limited to, any monies, securities, or real or personal property), the Defendant or Relief Defendant with ownership or control over the asset shall immediately identify the location of such asset, the price paid or consideration given, and the date upon which it was purchased.

## XIV.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction, each Defendant and the Relief Defendant shall file with this Court and serve upon Plaintiff Commission, within three (3) business days of the date of this Order, or within such extension of time as the Commission staff agrees to in writing or is otherwise granted by the Court, a verified written accounting, signed under penalty of perjury by the individual Defendant or Relief Defendant or, in the case of the entity Defendants or Relief Defendant, by the officer or employee of the entity most

knowledgeable about the entity's financial condition, if any, providing the following information:

(1)    A list of all accounts at all banks, brokerage firms or financial institutions (including the name of the financial institution and name and last four digits of the account number), tax identification numbers, telephone or facsimile transmission numbers (including numbers of pagers and mobile telephones), electronic mail addresses, World Wide Web sites or Universal Records Locators, Internet bulletin board sites, online interactive conversational spaces or chat rooms, Internet or electronic mail service providers, street addresses, postal box numbers, safety deposit boxes, and storage facilities used or maintained by any one or more of the Defendants or Relief Defendant, or under their direct or indirect control (including, for Defendant Penn, accounts held in the names of TCGI Capital Group LLC, Caso Management, LLC, Excalibur Management, LLC, Ventizz II Managers LLC, Ventizz III Managers LLC, TCG Advisers, LTD, The Camelot Group, Sarl), at any time from January 1, 2010 to the present;

(2)    All assets, liabilities, and property currently held directly or indirectly by or for the benefit of Defendants or Relief Defendant (including, for Defendant Penn, accounts held in the names of TCGI Capital Group LLC, Caso Management, LLC, Excalibur Management, LLC, Ventizz II Managers LLC, Ventizz III Managers LLC, TCG Advisers, LTD, The Camelot Group, Sarl), including, but not limited to, bank accounts, brokerage accounts, investments, business interests, loans, lines of credit, and real and personal property wherever situated, describing each asset and liability, its current location and amount;

(3)     All money, property, assets, and other income received by Defendants or Relief Defendant, or for the direct or indirect benefit of one or both of them (including, for Defendant Penn, accounts held in the names of TCGI Capital Group LLC, Caso Management, LLC, Excalibur Management, LLC, Ventizz II Managers LLC, Ventizz III Managers LLC, TCG Advisers, LTD, The Camelot Group, Sarl), in or at any time from January 1, 2009, to the date of the accounting, describing the source, amount, disposition, and current location of each of the items listed;

(4)     All assets, funds, securities, real or personal property of Defendants or Relief Defendant transferred to or for the benefit of any other person or entity from January 1, 2009, to the date of the accounting, including a description of each transferred asset, the name of the recipient, and the date of the transfer; and

(5)     The names and last known addresses of all bailees, debtors, and other persons and entities that are currently holding the assets, funds, or property of any one or more of the Defendants or Relief Defendant.

## XV.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction, Defendants and Relief Defendant, and any person or entity acting at their direction or on their behalf, are temporarily restrained from destroying, altering, concealing, or otherwise interfering with the access of the Commission or the Receivers appointed hereunder to any and all documents, books, and records that are in the possession, custody, or control of Defendants or Relief Defendant, their respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation

with them, that refer, reflect, or relate to the allegations in the Complaint, including, without limitation, documents, books, and records referring, reflecting, or relating to Defendants' or Relief Defendant's finances or business operations, or the offer, purchase, or sale of investment contracts or any other securities offered or sold by or through Defendants or Relief Defendant and the use of proceeds therefrom.

## XVI.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction, Defendants and Relief Defendant, and each of their creditors, principals, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise, be and hereby are, restrained and enjoined from filing a voluntary or involuntary petition in bankruptcy on behalf of or against the Defendants or Relief Defendant, without first seeking leave from this Court, with at least three (3) days' notice to the Commission, which leave shall be granted only after a hearing before this Court and upon such conditions as necessary to protect this Court's jurisdiction over the subject matter of this action.

## XVII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for Preliminary Injunction, no creditor or claimant against any of the Defendants or the Relief Defendant, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the taking control, possession, or management of Defendants' or Relief Defendant's assets and that any and all third parties are enjoined and

prohibited from taking any steps to encumber, attach, assert liens against, or otherwise control any of Defendants' or Relief Defendant's assets.

## XVIII.

**IT IS FURTHER ORDERED** that discovery is expedited as follows: pursuant to Rules 26, 30, 31, 33, 34, 36, and 45 of the Federal Rules of Civil Procedure, and without the requirement of a meeting pursuant to Fed. R. Civ. P. 26(f), and without regard to the limitations of Fed. R. Civ. P. 30(a)(2) or Fed. R. Civ. P. 30(d), the Commission may:

(1)     Take depositions, subject to two (2) calendar days' notice by facsimile, email, or otherwise;

(2)     Obtain the production of documents, within three (3) calendar days from service by overnight courier, facsimile, email, or otherwise of a request or subpoena, from any persons or entities, including non-party witnesses;

(3)     Obtain other discovery, including interrogatories, requests for admissions, and requests to inspect the premises and files of Defendants or Relief Defendant, within three (3) calendar days from the date of service by overnight courier, facsimile, email, or otherwise of such other discovery requests, interrogatories, requests for admissions, or requests for inspection; and

(4)     Serve any discovery requests, notices, or subpoenas, including subpoenas to non-parties, by personal service, facsimile, overnight courier, email, or first-class mail on an individual, entity, or the individual's or entity's attorney.

This order expediting discovery will remain in place beyond any hearing on the Commission's application for preliminary injunction.

## XIX.

**IT IS FURTHER ORDERED** that a copy of this Order and the papers supporting the Commission's Application be served upon each of the Defendants and Relief Defendant, or his or its attorney who agrees to accept service on his or its behalf, on or before _5⁰⁰ P.M._ _1/37/14 2014_, by personal delivery, facsimile, email, overnight courier, or first-class mail.

## XX.

**IT IS FURTHER ORDERED** that Defendants and Relief Defendant shall deliver any opposing papers in response to the Order to Show Cause above no later than _2/7/14_ _2014_, at 5:00 p.m.  Service shall be made by delivering the papers, using the most expeditious means available, by that date and time, to the New York Regional Office of the Commission at Brookfield Place, 200 Vesey Street, Room 400, New York, New York 10281, Attn: Howard A. Fischer, or to such other place as counsel for the Commission may direct in writing.  The Commission shall have until _2/11_ , 2014, at 5:00 p.m., to serve, by the most expeditious means available (which may include any form of service authorized in paragraph XIX above for service of a copy of this Order), any reply papers upon the Defendants, or upon their respective counsel.

## XXI.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon each of the Defendants and Relief Defendant, and each of their respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile, email, overnight courier, or otherwise.

_____
UNITED STATES DISTRICT JUDGE

Issued at :  _4_ : _40_ _p_.m.
January _30_, 2014
New York, New York

20

**Schedule A**

| Financial Institution | Account Name | Account Number (Last 4 Digits) |
|---|---|---|
| JPMC | TCGI Capital LLC | 7189 |
| JPMC | TCGI Capital LLC | 4066 |
| Citibank | Big House Film And Photography Studio, LLC | 2031 0167 0159 |
| Citi Private Bank | Camelot Acquisitions Secondary Opportunities Management LLC | 6420 |
| First Republic Bank | Camelot Acquisitions Secondary Opportunities Management LLC | 1992 |
| Citi Private Bank | Camelot Acquisitions Secondary Opportunities G.P., LLC | 6412 |
| JPMC | Camelot Acquisitions Secondary Opportunities G.P., LLC | 9446 |
| First Republic Bank | Camelot Acquisitions Secondary Opportunities G.P., LLC | 1984 |
| JPMC | Camelot Acquisitions: Secondary Opportunities Offshore, L.P. | 1186 |
| First Republic Bank | Camelot Acquisitions: Secondary Opportunities Offshore, L.P. | 9380 |
| JPMC | Caso Management LLC | 1202 |
| Citibank | Camelot Group International, LLC | 9329 9285 |
| First Republic Bank | Camelot Group International, LLC | 3170 |
| American Express | Camelot Group International, LLC | 1001 1006 |
| JPMC | Camelot Group International, LLC | 4765 8558 7894 4766 0191 6862 1433 |
| First Republic Bank | Camelot Acquisitions: Secondary Opportunities, L.P. | 1976 |

A-2

| Financial Institution | Account Name | Account Number (Last 4 Digits) |
|---|---|---|
| Citibank | Camelot Acquisitions: Secondary Opportunities, L.P. | 3768 |
| JPMC | Camelot Acquisitions: Secondary Opportunities, L.P. | 2655 |
| First Republic Bank | Caso Co-Invest A LLC | 9356 |
| Citibank | Caso Co-Invest A LLC | 3800 |
| Citibank | Caso Co-Invest B LLC | 3545 |
| Bank of America | Ssecurion LLC | 2687 |
| JPMC | Excalibur Capital LLC | 3528 |
| JPMC | Excalibur Management Company LLC | 1610 |
| Barclays Bank | TCG Advisers Ltd. | Unknown |
| Citibank | VCF2 Inc. C/O Camelot Group | 3140 |
| Citibank | VCF3 Inc. C/O Camelot Group | 0546 6587 |
| JPMC | Ventizz II Managers LLC/Camelot Group International LLC | 4465 5565 |
| Citibank | Ventizz Capital Fund III GP LP | 7942 |
| JPMC | Penn | 5567 3423 8891 |
| Citibank | Penn | 9326 |
| Fort Sill National Bank | Penn | 8801 |
| Merrick | Penn | 2881 |
| UBS AG | Ewers | Unknown |
| Citibank | Ewers | 4085 4767 6094 |