

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10281-1022

WRITER'S DIRECT DIAL LINE
(212) 336-0589

July 9, 2014

**BY ECF**

The Honorable Valerie E. Caproni
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    <u>SEC v. Penn, et al., No. 14 Civ. 0581 (VEC)</u>

Dear Judge Caproni:

On behalf of Plaintiff Securities and Exchange Commission, attached as Exhibit 1 is a proposed consent order to which the Commission has agreed with Defendants Lawrence E. Penn, III, Camelot Acquisitions Secondary Opportunities Management LLC, and The Camelot Group International LLC (collectively, the "Camelot Defendants"). The proposed order imposes preliminary injunction and other relief, including a continuation of the previously-imposed asset freeze, on the Camelot Defendants. Pursuant to the Court's prior orders, however, the proposed consent order lifts the asset freeze over $2 million of assets and orders them paid to certain investors by J.P. Morgan Chase Bank, NA, the entity holding them.

Also attached, as Exhibit 2, is a proposed order imposing preliminary injunction and other relief, including a continuation of the previously-imposed asset freeze, on Defendants Altura S. Ewers and Ssecurion LLC, and on Relief Defendant A Bighouse Film and Photography Studio, LLC. At the hearing on May 21, 2014, Mr. Ewers stated on the record that he agreed to the imposition of this relief.

The Honorable Valerie E. Caproni
July 9, 2014
Page 2


     We have submitted the proposed orders to the Orders and Judgments Clerk by e-mail, pursuant to the ECF guidelines.  In addition, pursuant to the Court's individual rules, we have sent Microsoft Word versions to the Court by electronic mail.


                Respectfully submitted,


                Howard A. Fischer
                Senior Trial Counsel


cc:    Altura S. Ewers (by UPS and certified mail)
       Mona Benach, Esq. (by electronic mail)
       Christopher J. Gunther, Esq. (by electronic mail)
       Elizabeth P. Gray, Esq. (by electronic mail)

Enclosures

# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

*Plaintiff*,

v.

LAWRENCE E. PENN, III, MICHAEL ST. ALTURA
EWERS, CAMELOT ACQUISITIONS SECONDARY
OPPORTUNITIES MANAGEMENT LLC, THE
CAMELOT GROUP INTERNATIONAL, LLC, and
SSECURION LLC,

*Defendants*,

- AND -

A BIGHOUSE PHOTOGRAPHY AND FILM STUDIO
LLC,

*Relief Defendant.*

14 Civ. 0581 (VEC )
ECF CASE

---

## STIPULATION AND CONSENT ORDER IMPOSING PRELIMINARY INJUNCTION AND OTHER RELIEF AGAINST DEFENDANTS LAWRENCE E. PENN, CAMELOT ACQUISITIONS SECONDARY OPPORTUNITIES MANAGEMENT LLC, AND THE CAMELOT GROUP INTERNATIONAL, LLC

**WHEREAS** on January 30, 2014, Plaintiff Securities and Exchange Commission (the

"Commission") commenced this action by filing a Complaint, Order to Show Cause, and

supporting papers, including a memorandum of law, declarations, and exhibits, for its emergency

application for a temporary restraining order, preliminary injunction, asset freeze and other

relief;

**WHEREAS** the same day, the Court entered an Order to Show Cause, Temporary Restraining Order, and Order Freezing Assets and Granting Other Relief (the "January 30 Order");

**WHEREAS** Defendants Lawrence E. Penn III ("Penn"), The Camelot Group International LLC ("CGI") and Camelot Acquisitions Secondary Opportunities Management LLC ("CASO Management") (collectively, the "Camelot Defendants") have each (1) accepted service of the Complaint by email, acknowledged that he or it received a copy of the Complaint by such means on February 4, 2014, and waived service of the Summons; (2) acknowledged that he or it received a copy of the January 30 Order and the papers supporting the Commission's January 30 application by email service on February 4; (3) consented to the Court's jurisdiction over him and the subject matter of this action; (4) consented to entry of this order (the "Order") without admitting or denying the allegations of the Complaint; (5) waived findings of fact and conclusions of law pursuant to Rule 65 of the Federal Rules of Civil Procedure ("Federal Rules"); (6) agreed not to oppose the enforcement of this Order on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules and waived any objections based thereon; and (7) waived any right to appeal from this Order;

**WHEREAS** the Camelot Defendants acknowledge (1) that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability; and (2) that the Court's entry of a preliminary injunction order may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other

regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding; and

**WHEREAS** the Court has considered: (1) the Complaint filed by the Commission on January 30, 2014; (2) the Declaration of Karen E. Willenken in Support of Plaintiff's Motion for Order to Show Cause, Temporary Restraining Order, and Order Freezing Assets and Granting Other Relief; (3) the Declaration of Jennifer Klein in Support of Plaintiff's Motion for Order to Show Cause, Temporary Restraining Order, and Order Freezing Assets and Granting Other Relief; (4) the Declaration of James R. D'Avino in Support of Plaintiff's Emergency Application for an Order to Show Cause, Temporary Restraining Order and Other Relief; (5) the Declaration of Howard A. Fischer Pursuant to Local Civil Rule 6.1; and (6) the memorandum of law in support of the Commission's application;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the Commission, by its undersigned counsel, and the Camelot Defendants, by their undersigned counsel, that, based on the foregoing, a proper showing, as required by Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act") and Section 209(d) of the Investment Advisers Act of 1940 ("Advisers Act") has been made for the relief granted herein:

## I.

**IT IS HEREBY ORDERED** that the Commission's application for a preliminary injunction against Penn, CGI and CASO Management is GRANTED.

## II.

**IT IS HEREBY ORDERED** that, pending a final disposition of this action, the Camelot Defendants, and each of their agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, e-mail, facsimile or otherwise, are preliminarily restrained and enjoined from, directly or indirectly, singly or in concert, in connection with the purchase or sale of any security, by use of the means or instrumentalities of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    (a)    employing any device, scheme, or artifice to defraud;

    (b)    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person,

in violation of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

## III.

**IT IS HEREBY ORDERED** that, pending a final disposition of this action, the Camelot Defendants, and each of their agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, e-mail, facsimile or otherwise, are preliminarily restrained and enjoined from, directly or indirectly, singly or in concert, in connection with the purchase or sale of any security, by use of the means or instrumentalities of interstate commerce:

(1)     employing any device, scheme or artifice to defraud any client or prospective

client; or

(2)     engaging in any transaction, practice, or course of business which operates as a

fraud or deceit upon any client or prospective client,

in violation of Sections 206(1) and (2) of the Advisers Act.

## IV.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, the

Camelot Defendants, and each of their financial and brokerage institutions, agents, servants,

employees, attorneys-in-fact, and those persons in active concert or participation with them who

receive actual notice of this Order by personal service, e-mail, facsimile or otherwise, and each

of them, hold and retain within their control, and otherwise prevent (except to the extent this

Order requires any transfer to repatriate assets to the United States or to return funds to certain

investors, as set forth in paragraphs V and VI), any withdrawal, transfer, pledge, encumbrance,

assignment, dissipation, concealment or other disposal (including the use of any credit cards or

any other incurring of debt in excess of $1000) of any assets, funds, or other property (including

money, real or personal property, securities, commodities, choses in action or other property of

any kind whatsoever) of, held by, or under the direct or indirect control of any of the Camelot

Defendants, whether held in his or its name or for his or its direct or indirect beneficial interest,

in whatever form such assets may presently exist and wherever located, and directing each of the

financial or brokerage institutions, debtors and bailees, or any other person or entity holding such

assets, funds or other property of any of the Camelot Defendants to hold or retain within its, his

or her control and prohibit the withdrawal, removal, transfer or other disposal of any such assets,

funds or other properties (except to the extent this Order requires any transfer to repatriate assets

to the United States or to return funds to certain investors, as set forth in paragraphs V and VI)
including but not limited to, all assets, funds, or other properties held in the accounts listed on
Schedule A to this Order, as well as all real property owned wholly, jointly, directly or indirectly
by any of the Camelot Defendants.

**V.**

   **IT IS FURTHER ORDERED** that J.P. Morgan Chase (or any custodian for the bank
account ending in 7189 in the name of TCGI Capital Group, LLC maintained at J.P. Morgan
Chase in January 2014 (the "Account")) is directed to distribute in the branch by form of
cashier's check the following funds to certain investors:  (1) $650,000 to Gil Orbach or as
directed by Gil Orbach, (2) $350,000 to Sidney and Pnina Orbach or as directed by Sidney and
Pnina Orbach, and (3) $1,000,000 to Joseph M. DePinto or as directed by Joseph M. DePinto,
from the cash balance of the Account within five (5) days of being served with this Order.

**VI.**

   **IT IS FURTHER ORDERED** that, pending a final disposition of this action, (a) each of
the Camelot Defendants shall immediately repatriate all funds and assets obtained, directly or
indirectly, from the activities described in the Commission's Complaint that are now located
outside the jurisdiction of this Court and are under any of the Camelot Defendants' control,
directly or indirectly, whether the funds or assets are in their name or for their direct or indirect
beneficial interest; (b) with respect to all such funds and assets outside the jurisdiction of this
Court that are repatriated by any of the Camelot Defendants, such assets shall become subject to
the restrictions described in paragraph IV, above; and (c) with respect to any other asset owned
and/or controlled by any of the Camelot Defendants that is now located outside the jurisdiction
of this Court (including, but not limited to, any monies, securities, or real or personal property),

any of the Camelot Defendants shall immediately identify the location of such asset, the price paid or consideration given, and the date upon which it was purchased or obtained.

## VII.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, no person or entity, including any creditor or claimant against any of the Camelot Defendants, or any person acting on behalf of such creditor or claimant, shall take any action without further order of the Court to interfere with the taking control, possession or management of the assets subject to this Order.

## VIII.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, the Camelot Defendants, and each of their agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, e-mail, facsimile service, or otherwise, are enjoined from filing a petition in bankruptcy on behalf of any of the Camelot Defendants without first seeking leave from this Court, with at least three (3) days' notice to the Commission, which leave shall be granted only after a hearing before this Court and upon such conditions as necessary to protect this Court's jurisdiction over the subject matter of this action.

## IX.

**IT IS FURTHER ORDERED** that, pending final disposition of this action, the Camelot Defendants and any person or entity acting at their direction or on their behalf are restrained and enjoined from destroying, altering, concealing or otherwise interfering with the access of the Commission to any and all documents, books and records that concern, refer, reflect or relate to the allegations in the Complaint and that are in the possession, custody or control of any of the

7

Camelot Defendants or any of their agents, employees, servants, accountants, financial or brokerage institutions, or attorneys-in-fact.

## X.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon the Camelot Defendants and each of their agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, e-mail, facsimile, or otherwise.

STIPULATED AND AGREED TO:

Date: _____          By: _____

                                        Howard A. Fischer
                                         Katherine Bromberg
                                         Karen Willenken
Securities and Exchange Commission
New York Regional Office
Brookfield Place, 200 Vesey St., Room 400
New York, New York 10281-1022
Tel.: (212) 336-0589 (Fischer)
FischerH@sec.gov (Fischer)

*Attorneys for Plaintiff*
*Securities and Exchange Commission*

Date: 7/1/14          By: _____
                                         Defendant Lawrence E. Penn III

*In his personal capacity and as Managing*
*Director of The Camelot Group International LLC*
*and Managing Member of Camelot Acquisitions*
*Secondary Opportunities Management LLC*

Date: 7/7/14          Approved as to form:

                                         Mona Luddy Benach, Esq.
Benach Legal Services LLC
1333 H Street, NW
Suite 900W
Washington, DC  20005

*Attorney for Defendants Lawrence E. Penn III,*
*The Camelot Group International LLC and*
*Camelot Acquisitions Secondary Opportunities*
*Management LLC*

SO ORDERED:

Dated: _____, 2014
       New York, New York          _____

                                         HON. VALERIE E. CAPRONI, U.S.D.J.

STIPULATED AND AGREED TO:

Date: 7/9/2014    By: _____

Howard A. Fischer
Katherine Bromberg
Karen Willenken
Securities and Exchange Commission
New York Regional Office
Brookfield Place, 200 Vesey St., Room 400
New York, New York 10281-1022
Tel.:  (212) 336-0589 (Fischer)
FischerH@sec.gov (Fischer)

*Attorneys for Plaintiff*
*Securities and Exchange Commission*


Date: _____    By: _____

Defendant Lawrence E. Penn III

*In his personal capacity and as Managing*
*Director of The Camelot Group International LLC*
*and Managing Member of Camelot Acquisitions*
*Secondary Opportunities Management LLC*


Date: _____    Approved as to form:


_____

Mona Luddy Benach, Esq.
Benach Legal Services LLC
1333 H Street, NW
Suite 900W
Washington, DC  20005

*Attorney for Defendants Lawrence E. Penn III,*
*The Camelot Group International LLC and*
*Camelot Acquisitions Secondary Opportunities*
*Management LLC*


SO ORDERED:


Dated: _____, 2014
     New York, New York

_____

HON. VALERIE E. CAPRONI, U.S.D.J.

**SCHEDULE A**

| Lawrence E. Penn III ("Penn") | | |
|---|---|---|
| *Account Holder* | *Financial Institution* | *Last Four Digits of Account Number* |
| Penn | J.P. Morgan Chase Bank, N.A. | 5567 3423 8891 |
| Penn | Citibank, N.A. | 9326 |
| Penn | Fort Sill National Bank | 8801 |
| Penn | USAA | 2865 2873 |
| Penn | Paypal | N/A |
| Penn | Google Wallet | 6897 |

| The Camelot Group International LLC ("CGI") | | |
|---|---|---|
| *Account Holder* | *Financial Institution* | *Last Four Digits of Account Number* |
| CGI | HSBC Bank plc (London) | 1853 |
| CGI | Citibank, N.A. | 9329 9285 |
| CGI | First Republic Bank | 3170 |
| CGI | J.P. Morgan Chase Bank, N.A. | 4765 8558 7894 4766 0191 6862 1433 |
| CGI | American Express | 1001 1006 |

| Camelot Acquisitions Secondary Opportunities Management LLC | | |
|---|---|---|
| *Account Holder* | *Financial Institution* | *Last Four Digits of Account Number* |
| Camelot Acquisitions Secondary Opportunities LLC | Citibank, N.A. | 6420 |
| Camelot Acquisitions Secondary Opportunities LLC | First Republic Bank | 1992 |
| Caso Management LLC | J.P. Morgan Chase Bank, N.A. | 1202 |

A-1

| Other Accounts Controlled by Penn | | |
|---|---|---|
| *Account Holder* | *Financial Institution* | *Last Four Digits of Account Number* |
| TCG Advisers Ltd. | Barclays Bank PLC (London) | 1139 |
| TCGI Capital LLC | J.P. Morgan Chase Bank, N.A. | 7189* 4066 |
| Camelot Acquisitions: Secondary Opportunities, L.P. | J.P. Morgan Chase Bank, N.A. | 2655 |
| Camelot Acquisitions: Secondary Opportunities, L.P. | First Republic Bank | 1976 |
| Camelot Acquisitions: Secondary Opportunities, L.P. | Citibank, N.A. | 3268 |
| Camelot Acquisitions: Secondary Opportunities Offshore, L.P. | J.P. Morgan Chase Bank, N.A. | 1186 |
| Camelot Acquisitions: Secondary Opportunities Offshore, L.P. | First Republic Bank | 9380 |
| Excalibur Capital LLC | J.P. Morgan Chase Bank, N.A. | 3528 |
| Excalibur Management Company LLC | J.P. Morgan Chase Bank, N.A. | 1610 |
| Caso Co-Invest A LLC | Citibank, N.A. | 3800 |
| Caso Co-Invest B LLC | Citibank, N.A. | 3545 |
| Caso Co-Invest A LLC | First Republic Bank | 9356 |
| VCF2 Inc. C/O Camelot Group | Citibank | 3140 |
| VCF3 Inc. C/O Camelot Group | Citibank | 0546 6587 |
| Ventizz II Managers LLC/Camelot Group International LLC | JPMC | 4465 5565 |
| Ventizz Capital Fund III GP LP | Citibank | 7942 |
| Camelot Acquisitions Secondary Opportunities G.P., LLC | Citi Private Bank | 6412 |
| Camelot Acquisitions Secondary Opportunities G.P., LLC | JPMC | 9446 |
| Camelot Acquisitions Secondary Opportunities G.P., LLC | First Republic Bank | 1984 |

* Except as set forth in Paragraph V of this Order.

**Exhibit 2**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION**, | |
| *Plaintiff*, | **14 Civ. 0581 (VEC )** |
| **v.** | **ECF CASE** |
| **LAWRENCE E. PENN, III, MICHAEL ST. ALTURA EWERS, CAMELOT ACQUISITIONS SECONDARY OPPORTUNITIES MANAGEMENT LLC, THE CAMELOT GROUP INTERNATIONAL, LLC, and SSECURION LLC,** | |
| *Defendants*, | |
| **- AND -** | |
| **A BIGHOUSE PHOTOGRAPHY AND FILM STUDIO LLC,** | |
| *Relief Defendant.* | |

**PROPOSED ORDER IMPOSING PRELIMINARY INJUNCTION AND OTHER RELIEF AGAINST DEFENDANTS ALTURA ST. MICHAEL EWERS AND SSECURION LLC AND RELIEF DEFENDANT A BIGHOUSE PHOTOGRAPHY AND FILM STUDIO LLC**

**WHEREAS** on January 30, 2014, Plaintiff Securities and Exchange Commission (the "Commission") commenced this action by filing a Complaint, Order to Show Cause, and supporting papers, including a memorandum of law, declarations, and exhibits, for its emergency application for a temporary restraining order, preliminary injunction, asset freeze and other relief;

**WHEREAS** the same day, the Court entered an Order to Show Cause, Temporary Restraining Order, and Order Freezing Assets and Granting Other Relief (the "January 30 Order");

**WHEREAS** Defendants Altura St. Michael Ewers ("Ewers"), Ssecurion LLC ("Ssecurion"), and Relief Defendant A Bighouse Photography and Film Studio LLC ("Big House") (collectively, the "Ssecurion Defendants") have (1) accepted service of the Complaint by email, acknowledged that they have received a copy of the Complaint by such means on February 4, 2014; (2) waived service of the Summons; (3) acknowledged that they received a copy of the January 30 Order and the papers supporting the Commission's January 30 application by email service on February 4; (4) consented to the Court's jurisdiction over them and the subject matter of this action; (5) consented to entry of this order (the "Order") without admitting or denying the allegations of the Complaint; (6) waived findings of fact and conclusions of law pursuant to Rule 65 of the Federal Rules of Civil Procedure ("Federal Rules"); (7) agreed that they will not oppose the enforcement of this Order on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules and waived any objections based thereon; and (8) waived any right to appeal from this Order;

**WHEREAS** the Ssecurion Defendants acknowledge (1) that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability; and (2) that the Court's entry of a preliminary injunction order may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory

disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding; and

**WHEREAS** the Court has considered: (1) the Complaint filed by the Commission on January 30, 2014; (2) the Declaration of Karen E. Willenken in Support of Plaintiff's Motion for Order to Show Cause, Temporary Restraining Order, and Order Freezing Assets and Granting Other Relief; (3) the Declaration of Jennifer Klein in Support of Plaintiff's Motion for Order to Show Cause, Temporary Restraining Order, and Order Freezing Assets and Granting Other Relief; (4) the Declaration of James R. D'Avino in Support of Plaintiff's Emergency Application for an Order to Show Cause, Temporary Restraining Order and Other Relief; (5) the Declaration of Howard A. Fischer Pursuant to Local Civil Rule 6.1; (6) the memorandum of law in support of the Commission's application; and (7) the Commission's May 14, 2014 letter to the Court;

**WHEREAS** Ewers has appeared before the Court on May, 21, 2014 and agreed to the proposed relief contained herein;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the Commission, by its undersigned counsel, and the Ssecurion Defendants that, based on the foregoing, a proper showing, as required by Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act") and Section 209(d) of the Investment Advisers Act of 1940 ("Advisers Act") has been made for the relief granted herein:

## I.

**IT IS HEREBY ORDERED** that the Commission's application for a preliminary injunction against Ewers and Ssecurion is GRANTED.

## II.

**IT IS HEREBY ORDERED** that, pending a final disposition of this action, Ewers and Ssecurion and each of their agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, e-mail, facsimile or otherwise, are preliminarily restrained and enjoined from, directly or indirectly, singly or in concert, in connection with the purchase or sale of any security, by use of the means or instrumentalities of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    (a)    employing any device, scheme, or artifice to defraud;

    (b)    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person,

in violation of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

## III.

**IT IS HEREBY ORDERED** that, pending a final disposition of this action, Ewers and Ssecurion and each of their agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, e-mail, facsimile or otherwise, are preliminarily restrained and enjoined from, directly or indirectly, singly or in concert, by use of the mails or any means or instrumentality of interstate commerce:

(1)     employing any device, scheme or artifice to defraud any client or prospective client; or

(2)     engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client,

in violation of Sections 206(1) and (2) of the Advisers Act.

## IV.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, the Ssecurion Defendants, and each of their financial and brokerage institutions, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, e-mail, facsimile or otherwise, and each of them, hold and retain within their control, and otherwise prevent (except to the extent this Order requires any transfer to repatriate assets to the United States), any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal (including the use of any credit cards or any other incurring of debt in excess of $1000) of any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever) of, held by, or under the direct or indirect control of one or more of the Ssecurion Defendants, whether held in their name or for the direct or indirect beneficial interest of one or more of them, in whatever form such assets may presently exist and wherever located, and directing each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds or other property of one or more of the Ssecurion Defendants to hold or retain within its, his or her control and prohibit the withdrawal, removal, transfer or other disposal of any such assets, funds or other properties (except to the extent this Order requires any transfer to repatriate assets to the United States)

including but not limited to, all assets, funds, or other properties held in the accounts listed on Schedule A to this Order, as well as all real property owned wholly, jointly, directly or indirectly by one or more of the Ssecurion Defendants.

**V.**

 **IT IS FURTHER ORDERED** that, pending a final disposition of this action, (a) the Ssecurion Defendants shall immediately repatriate all funds and assets obtained, directly or indirectly, from the activities described in the Commission's Complaint that are now located outside the jurisdiction of this Court and are under the control, directly or indirectly, of one or more of the Ssecurion Defendants (including but not limited to accounts of Ewers at Hauck Und Aufhaeser Private Bank in Germany), whether the funds or assets are in the names of or for the direct or indirect beneficial interest of one or more of the Ssecurion Defendants; (b) with respect to all such funds and assets outside the jurisdiction of this Court that are repatriated by one or more of the Ssecurion Defendants, such assets shall become subject to the restrictions described in paragraph IV, above; and (c) with respect to any other asset owned and/or controlled by one or more of the Ssecurion Defendants that is now located outside the jurisdiction of this Court (including, but not limited to, any monies, securities, or real or personal property, including but not limited to accounts of Ewers at Hauck Und Aufhaeser Private Bank in Germany), the Ssecurion Defendants with ownership or control over the asset shall immediately identify the location of such asset, the price paid or consideration given, and the date upon which it was purchased or obtained.

**VI.**

 **IT IS FURTHER ORDERED** that each of the Ssecurion Defendants who has not yet filed and served a verified written accounting in accordance with Section XIV of the January 30

6

Order shall file with this Court and serve upon Plaintiff Commission, within three (3) business days of the date of this Order, or within such extension of time as the Commission staff agrees to in writing or is otherwise granted by the Court, a verified written accounting, signed by Ewers under penalty of perjury, providing the following information:

(1)    A list of all accounts at all banks, brokerage firms or financial institutions (including the name of the financial institution and name and last four digits of the account number), tax identification numbers, telephone or facsimile transmission numbers (including numbers of pagers and mobile telephones), electronic mail addresses, World Wide Web sites or Universal Records Locators, Internet bulletin board sites, online interactive conversational spaces or chat rooms, Internet or electronic mail service providers, street addresses, postal box numbers, safety deposit boxes, and storage facilities used or maintained by one or more of the Ssecurion Defendants, or under their direct or indirect control at any time from January 1, 2010 to the present;

(2)    All assets, liabilities and property currently held directly or indirectly by or for the benefit of any one or more of the Ssecurion Defendants, including, but not limited to, bank accounts, brokerage accounts, investments, business interests, loans, lines of credit, and real and personal property wherever situated, describing each asset and liability, its current location and amount;

(3)    All money, property, assets, and other income received by any one or more of the Ssecurion Defendants, or for the direct or indirect benefit of one or more of them, in or at any time from January 1, 2010, to the date of the accounting, describing the source, amount, disposition, and current location of each of the items listed;

(4)     All assets, funds, securities, real or personal property of any one or more of the

Ssecurion Defendants transferred to or for the benefit of any other person or entity

from January 1, 2010, to the date of the accounting, including a description of

each transferred asset, the name of the recipient, and the date of the transfer; and

(5)     The names and last known addresses of all bailees, debtors, and other persons and

entities that are currently holding the assets, funds, or property of any one or more

of the Ssecurion Defendants.

## VII.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, no person

or entity, including any creditor or claimant against any of the Ssecurion Defendants, or any

person acting on behalf of such creditor or claimant, shall take any action without further order

of the Court to interfere with the taking control, possession or management of the assets subject

to this Order.

## VIII.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, the

Ssecurion Defendants, and each of their agents, servants, employees, attorneys, and those

persons in active concert or participation with them who receive actual notice of this Order by

personal service, e-mail, facsimile service, or otherwise, are enjoined from filing a petition in

bankruptcy on behalf of any one or more of the Ssecurion Defendants without first seeking leave

from this Court, with at least three (3) days' notice to the Commission, which leave shall be

granted only after a hearing before this Court and upon such conditions as necessary to protect

this Court's jurisdiction over the subject matter of this action.

## IX.

**IT IS FURTHER ORDERED** that, pending final disposition of this action, the Ssecurion Defendants. and any person or entity acting at their direction or on their behalf are restrained and enjoined from destroying, altering, concealing or otherwise interfering with the access of the Commission to any and all documents, books and records that concern, refer, reflect or relate to the allegations in the Complaint and that are in the possession, custody or control of one or more of the Ssecurion Defendants or any of their agents, employees, servants, accountants, financial or brokerage institutions, or attorneys-in-fact.

## X.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon the Ssecurion Defendants and each of their agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with him who receive actual notice of this Order by personal service, e-mail, facsimile, or otherwise.

SO ORDERED:


Dated: _____, 2014          _____
　　　　New York, New York          HON. VALERIE E. CAPRONI, U.S.D.J.

## SCHEDULE A

| Altura St. Michael Ewers ("Ewers") | | |
|---|---|---|
| *Account Holder* | *Financial Institution* | *Last Four Digits of Account Number* |
| Ewers | Citibank | 4085<br>4767<br>6094 |
| Ewers | UBS AG | Unknown |
| Ewers | Hauck Und Aufhaeser Private Bank | 2061104705 |

| Ssecurion LLC | | |
|---|---|---|
| *Account Holder* | *Financial Institution* | *Last Four Digits of Account Number* |
| Ssecurion LLC | Bank of America | 2687 |

| A Bighouse Photography and Film Studio LL, Inc. | | |
|---|---|---|
| *Account Holder* | *Financial Institution* | *Last Four Digits of Account Number* |
| Big House Film And Photography Studio, LLC | Citibank, N.A. | 2031<br>0167<br>0159 |