

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10281-1022

WRITER'S DIRECT DIAL LINE
(212) 336-0589

December 8, 2017

**BY ECF**

The Honorable Valerie E. Caproni
United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    **SEC v. Penn, et al., No. 14 Civ. 0581 (VEC)**

Dear Judge Caproni:

    We write with respect to the continuing failure of Defendant Lawrence Penn, III ("Penn") to comply with this Court's orders regarding discovery. Penn persists in flouting both the letter and the spirit of the Court's Orders, in particular, with respect to identifying his expert witness in a straightforward and timely fashion. Currently, because the SEC is scheduled to depose Penn's late-identified expert next week, on December 13, 2017, the SEC respectfully requests that the Court determine on an expedited basis whether to preclude Penn's third expert – Woody Victor – identified to the SEC on November 22, after Penn misleadingly identified two experts which he had not retained on November 10.[1]

**The Late Identification of the Expert Witness**

    The SEC seeks the preclusion of Woody Victor as Defendant's expert witness due to Defendant's disregard of this Court's scheduling Order. The Court's prior Order [Docket Entry 208] required the parties to "identify any expert, and provide the disclosures relating thereto required under the Federal Rules of Civil procedure and the Local Rules" and to "provide that expert's report to the other party" on or before November 10, 2017. Penn did not do so.

    At the November 2, 2017 conference in this matter, when this Court asked Penn why he had failed to provide any documents in response to the SEC's subpoena regarding Woody Victor, who had prepared a purportedly expert valuation of various portfolio companies for other proceedings, Penn claimed that he had no idea who Victor was or how Victor's previously created valuation had been created. Penn's claim was surprising because Penn himself submitted Woody Victor's purported valuation via ECF in this proceeding as part of Docket Entry 185.

---

[1]    If the Court declines to consider this application on an expedited basis, or if the Court denies this application, the SEC reserves the right to seek to exclude the expert testimony at the hearing depending on what the expert says at his deposition, among other things, under, *inter alia*, FRE 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). The SEC is respectfully requesting that the Court determine this application on an expedited basis in order to conserve the resources that would otherwise be expended in preparation for the expert deposition next week.

On November 10, 2017, the date set by this Court's scheduling order to disclose the identity of experts for the valuation hearing, Penn identified two experts, Paul Engel and V. Scott Vandervliet, both of Appraisal Economics. (A copy of the Expert Designation is annexed hereto as Exhibit A). Because of the accelerated time frame for discovery in this matter, the SEC promptly served discovery requests on these designated experts in order to prepare for their depositions. Starting on November 14, the SEC repeatedly asked Mr. Penn for dates on which the designated experts would be available for deposition, but Penn refused to do so, first not responding in a timely fashion and then, when pressed, oddly telling the SEC that he would only respond "between the dates of November 21 and 28." [2]

Then, on November 22, 2017, when the expert report was due, that report came from Woody Victor – the same Woody Victor about whom Penn claimed, in open court on November 2, 2017, he had no knowledge, and with whom he claimed to have had no contact.

The SEC also learned in Penn's deposition that (1) he never actually formally retained either Mr. Engel or Mr. Vandervliet, notwithstanding his identification of them as his experts on November 10, 2017 (November 28, 2017 Deposition Transcript of Penn ("Penn TX") 158:14-159:2)[3]; (2) he had planned, as of the November 2, 2017 conference, to retain Mr. Victor (*see, e.g.*, Penn TX 164:5-19 and (3) he had reached an agreement to retain Victor as early as November 18 (Penn TX 153:18-20), 175:21-176:2), even though he only notified the SEC of this fact the following calendar week. Penn explained in his deposition that although he intended to have Ian Orr retain Woody Victor as of November 2, 2017,[4] that he had trouble "tracking him down," and that is his explanation for disclosing two irrelevant non-retained individuals as experts on November 10, 2017. Notably, at no time did Penn notify either the SEC or the Court that he was planning this kind of "bait-and-switch" nor did he ask for permission to vary the terms of the Court's order.

Consequently, the SEC seeks the preclusion of Victor and his expert report pursuant to Fed.R.Civ.Proc. 37(c)(1), due to Penn's violation of the Court's Order, and of Fed.R.Civ.Proc. 26(a)(2)(D), which requires with respect to expert disclosures that a party "must make these disclosures at the times and in the sequence that the court orders." Among other things, this prejudiced the SEC's discovery process doubly: first, by diverting its preparation time to serving document requests on what turned out to be the wrong expert, and second, by giving the SEC less time to obtain discovery from the second identified expert. As this is a proceeding with accelerated time frames, as per Penn's request, the prejudice is even more substantial than it would be in cases with a standard discovery timeline.

Courts in this Circuit have routinely precluded expert witnesses not identified in accordance with the court's scheduling order. In *Paulus v. Holimont, Inc.*, 315 F.R.D. 13, 17 (W.D.N.Y. 2016), the Court held that a party is not excused for these failures absent a showing

---

[2]     This correspondence is attached hereto as Exhibit B.
[3]     The references are to the rough draft transcript, as the final has not yet been received. Copies of the relevant pages are attached hereto as Exhibit C.
[4]     The SEC notes that at Penn's deposition he stated that the retention agreement for Woody Victor was "between Mr. Orr and Mr. Victor." TX 155:14-21. Exhibit D. The SEC notes that the only party involved in the discovery for the evidentiary hearing is Mr. Penn and Mr. Orr appears to be acting on Mr. Penn's behalf, despite assurance to this Court to the contrary during the November 2, 2017 conference.

that the failure was substantially justified or harmless. Moreover, the party failing to comply with its discovery obligations bears the burden of showing its failure was both substantially justified and harmless. *Id.* The only excuse offered by Penn – that he did not realize at the time of the conference that there were tools, such as the internet, to search for a party's address – is absurd. This excuse shows a lack of diligence, not a substantial justification. *Paulus, id.* Moreover, the SEC has been prejudiced, as noted above, in its preparation for the expert witness deposition, currently scheduled for next week. Under these circumstances, preclusion is warranted. Many other courts have come out the same way. *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 50-51 (2d Cir. 2004)(upholding preclusion of expert witness not identified in the time frame set by court scheduling order); *Bakalar v. Vavra*, 851 F.Supp.2d 489, 494 (S.D.N.Y. 2011), aff'd, 500 Fed.Appx. 6 (2d Cir. 2012)(preclusion appropriate when expert witness not obtained within parameters set by court); *Giminiani v. Cesar*, 536 Fed.Appx. 85, 87 (2d Cir. 2013). *See also CFTC v. Kratville*, 796 F.3d 873, 891 (8th Cir. 2015) (failure to timely disclose expert justifies preclusion); *Rossi v. Chicago*, 790 F.3d 729, 738 (7th Cir. 2015) (declining to consider experts tendered by pro se party that did not comply with disclosure requirements); *Novak v. Bd. Of Trustees of Southern Ill. Univ.*, 777 F.3d 966, 972-73 (7th Cir. 2015) (failure to comply with Rule 26 expert disclosure requirements under deadlines set by court requires automatic preclusion under Fed.R.Civ.Proc. 37(c)(1) unless party can prove failure was substantially justified or harmless).

Penn violated this Court's Order that he identify any expert by November 10, 2017. Not only did he fail to do so, he deliberately identified two experts that he had not in fact retained (and most likely never planned to retain), forcing the SEC to expend resources not only in drafting and serving document requests on those experts, but in researching the backgrounds and prior retentions by those identified experts. As a result, the SEC has lost valuable time in preparing for the January 19, 2018 hearing, not to mention the December 13, 2017 deposition of the expert.

This sort of game playing should not be tolerated. For that reason, the SEC respectfully requests that Penn be precluded from presenting the expert report or testimony of Mr. Victor.

Respectfully submitted,

Howard A. Fischer
Senior Trial Counsel

cc:   Lawrence Penn (via ECF and email)
      Ian Orr, Esq. (via ECF and email)