# ORR & BROWN, P.C.
## 75 S. BROADWAY
## WHITE PLAINS, NY 10601
## 914-428-7700 (P) 914-428-7701 (F)

January 8, 2018

**BY ECF**

The Honorable Valerie E. Caproni
United States Courthouse
40 Foley Square
New York, NY 10007

   Re: SEC v. Penn, et al., No. 14 Civ. 0581 (VEC)

Dear Judge Caproni:

     I am submitting this letter in response to the SEC correspondence submitted to the Court on January 3, 2017 (ECF - Document 230) alleging for a second time, that my office is providing "shadow counsel" to Mr. Penn, and as such, he is not truly *pro se* in this action.

1. **There Has Never Been *Any* Actual Evidence That Mr. Penn is Receiving "shadow" Legal Counsel From My Office, or Any Other Attorney, in This Matter.**

     After a prehearing conference before the Court, on November 2, 2017, the SEC submitted a letter (ECF - Document 222) to the Court containing unsupported allegations suggesting that I was operating as Mr. Penn's legal counsel because I appeared at a deposition and retained a legal expert, to be utilized in this matter and another ongoing matter based on the same events. In response to the SEC letter, I clearly outlined why I retained the expert for both proceedings and reminded Mr. Fisher that I was allowed to be present and participate in Mr. Penn's deposition, as a matter of law. Furthermore, I reminded Mr. Fisher and alerted the Court to the fact, that Mr. Penn hired an attorney (Robin Alperstein, Esq.) to provide individual legal representation for him, at his deposition. (See, ECF – Document 227). As such, since the facts illustrated that Mr. Penn hired independent counsel for his deposition and that my retention of an expert was warranted, I thought the parties and the Court could move past the SEC's unfounded allegations.

     However, the SEC continues in its latest letter to make unsupported allegations and attempts to purport the allegations to be "additional evidence", although the SEC has failed to

Hon. Valerie E. Caproni                                                          January 8, 2018
Page Two

ever produce any actual evidence of anything. The SEC's alleged "evidence" has amounted only to be innuendo, mischaracterizations and theory.

      Specifically, in the SEC's most recent letter, Mr. Fisher makes a woeful attempt to mischaracterize the un-reviewed testimony of the expert witness retained by my office. This is the same expert witness (Woody Victor), identified and hired by my office, as noted in my previous correspondence to the Court (See, ECF – Document 227). Within the exchanged cited by Mr. Fisher, he asks the expert witness "…are you retained by Mr. Penn or any entities affiliated with him for any other cases?" The expert, Woody Victor, replies "No".

      Mr. Fisher then goes further to cite additional testimony from the expert, wherein he clearly states that he was retained by my office to provide a valuation of Mr. Penn's interest and that he was not retained by Mr. Penn for this or any other matter. The cited testimony from the expert wholly corroborates the statements made in my last correspondence to the Court, when I explained why I retained the same expert witness for this and another matter. Yet somehow, Mr. Fisher believes that the cited testimony is "evidence" that I must be providing "shadow counsel" to Mr. Penn. Under scrutiny, Mr. Fisher's theory appears baseless and nonsensical.

      The independent valuation of Mr. Penn's interest is necessary for the instant action as well as an Arbitration that is currently ongoing and is based on the same events and occurrences, as the SEC action. As I outlined in my last correspondence to the Court, my representation of Mr. Penn in the Arbitration currently requires an independent valuation of his interest as well. In addition, the Court has also allowed the parties in the SEC action to produce an updated, independent expert valuation of Mr. Penn's interest, for consideration by the Court in the evidentiary hearing. Therefore, the expert valuation produced by my expert will be utilized for both the SEC action and the Arbitration proceeding. This is exactly what my last correspondence to this Court explained and addressed. Although the SEC may want the Court to believe otherwise, nothing has changed since my last correspondence. (See, ECF – Document 227).

      The expert's cited testimony indicating that he was hired by my office and that he has not been hired by Mr. Penn or any affiliated entities of Mr. Penn for any other cases, is accurate. The expert was hired by my office, to produce an independent valuation of Mr. Penn's interest, for use in two or more legal actions. The expert was not hired by Mr. Penn and he correctly states the same, in response to Mr. Fisher's cited inquiry. Somehow, the SEC still believes that my retention of an expert to produce an independent report for two parallel actions, wherein I represent parties in both actions, amounts to "evidence", that I am providing secret legal counsel to Mr. Penn. This strange logic is unsupported in law or fact and certainly does not amount to evidence of anything.

      **Second**, Mr. Fisher continues to pursue documentation sent to my previous experts, Appraisal Economics, Inc. ("AEI"), with full knowledge that they are not currently retained and

Hon. Valerie E. Caproni                                                                                January 8, 2018
Page Three

never produced any reports for this action. This unnecessary and unwarranted pursuit continues, although the SEC has already deposed the retained expert (Woody Victor) and has already received a complete response to their subpoena served on Mr. Victor, prior to his deposition. In spite of their receipt of full disclosure from the retained expert, Mr. Fisher maintains that the SEC wants to see what materials my office created or provided to the now un-retained experts, who **never** produced a report; so that he can *explore* his theory, that *maybe* an attempt was made to obtain a more favorable report by giving the un-retained expert different materials, than the actual retained expert. The premise for this pursuit is ridiculous. It is clear that Mr. Fisher, is fishing.

    Fortunately, the subpoenas in question are defective on their face, and for that, and other reasons, should be quashed by the Court upon a motion for the same. We will submit a motion to quash the subpoenas, in accordance with the Court's directive, by January 19, 2018. This will hopefully save considerable time and resources, while addressing this trivial pursuit, for what is essentially privileged and/or duplicative documentation from AEI.

    If the Court requires any additional information or action, after this second response to the SEC's allegations, please make me aware, so I can respond accordingly. Thank you.

Respectfully submitted,

Ian D. Orr
Orr & Brown, P.C.

cc: Lawrence Penn (via ECF and Email)
    Howard Fischer, Esq. (via ECF and Email)