

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10281-1022

WRITER'S DIRECT DIAL LINE
(212) 336-0589

January 19, 2018

**BY ECF**
The Honorable Valerie E. Caproni
United States Courthouse
40 Foley Square
New York, NY 10007

Re: <u>SEC v. Penn, et al., No. 14 Civ. 0581 (VEC)</u>

Dear Judge Caproni:

Plaintiff SEC writes to address the Court's Order dated January 8, 2018, directing the SEC to show cause as to why the action against defendants Camelot Acquisitions Secondary Opportunities Management LLC ("CASO") and Camelot Group International, LLC ("CGI") (collectively, the "Camelot Entities") should not be dismissed for failure to prosecute under Fed.R.Civ.Proc. 41. In short, the SEC was operating under an understanding that the stay of the proceeding was only lifted as to Defendant Lawrence E. Penn III ("Penn") and the SEC believed it would conserve judicial and prosecutorial resources to first determine the liability of Penn as the liability of the Camelot Entities' is entirely derivative of his.

The SEC's belief was based on the fact that the Court never explicitly lifted the discovery stay entered on April 4, 2016, other than with respect to litigation relating to Penn's liability. The SEC respectfully apologizes if that understanding was incorrect, and states that it is prepared to move forward expeditiously with the claims against the Camelot Entities. If the Court orders the SEC to proceed with its claims against the Camelot Entities, the SEC requests that the Court grant the SEC leave to file the accompanying motion for summary judgment which is based on collateral estoppel and on the grounds that Penn owned and controlled the Camelot Entities. Papers in support of the proposed summary judgment motion are attached hereto. (*See* Exhibits A (Notice of Motion), B (Memorandum of Law), C (Rule 56.1 Statement) and D (Declaration of Howard A. Fischer)).

**Procedural History**

By way of background, we note that it has always been the SEC's intent to pursue the case against the Camelot Entities. A desire to conserve judicial and prosecutorial resources led to first resolving the existence and scope of liability with respect to Penn. Furthermore, as the Court may recall, the Camelot Entities were on somewhat of a different procedural track than Penn. Penn submitted his Answer on March 23, 2016. [Docket Entry 129.] He then requested a stay. [Docket Entry 130.] By Order dated April 4, 2016, the Court set a schedule [Docket Entry 133] ordering the Camelot Entities to appear by counsel, granting Penn until April 8, 2016 to submit an amended answer, and setting a briefing schedule for the SEC's motion for judgment on the pleadings.

Notably, this Order also rules that "Discovery shall be stayed pending further Order of the Court." *See* Docket Entry 133, ¶ 4.

The Camelot Entities hired their own counsel (*see* June 28, 2016 Notice of Appearance, Docket Entry 143), and requested additional time to answer. [Docket Entry 144.] CASO and CGI ultimately submitted Answers on July 2, 2016. [Docket Entries 156 and 157.]

Against Defendant Penn, the SEC moved for judgment on the pleadings, and on the additional ground of collateral estoppel, and the Court granted that motion by Order dated December 22, 2016. [Docket Entry 170; *see also* Docket Entry 168.] That Order set a further briefing schedule to determine the appropriate remedies. The Court issued an Opinion and Order dated August 22, 2017, granting the SEC's application but setting a further evidentiary hearing on the value of Penn's forfeited interest. *See* Docket Entry 198, at 9.

The parties submitted an agreed discovery schedule, which the Court "So Ordered" on September 13, 2017, with respect to the narrow issues to be determined at the evidentiary hearing to determine Penn's financial liability. [Docket Entry 208.] Since that date, the parties have engaged in discovery on the narrow issue remaining on the SEC's application for damages. Notably, at no time did the Court explicitly lift the general discovery stay other than with respect to the limited discovery outlined in Docket Entry 208 and subsequent Orders regarding the value of Penn's forfeited interest. Consequently, the SEC was operating under the assumption, based on the Court's prior Orders and the fact that the issue never came up at various conferences, that the proceeding was still stayed as to the Camelot Entities. Indeed, we respectfully submit that that it makes some sense for that stay to continue, as the complete resolution of the action against Penn, including the scope and amount of remedies, might swiftly resolve the case against the Camelot Entities as they are, in effect, alter egos of Penn.

**Proposed Summary Judgment Motion Against the Camelot Entities**

Should the Court prefer that the SEC go forward with prosecuting its claims against the Camelot Entities, the SEC respectfully requests that the Court grant the SEC leave to file the proposed summary judgment motion against the Camelot Entities. Such a motion is based on the Court's judgments against Penn and other bases for collateral estoppel, such as his conviction and admissions. As the papers in support of summary judgment set out, Penn's violating conduct can properly be imputed to the Camelot Entities, as, among other things, Penn owned (and still owns) 99% of these entities, controlled these entities, and acted through these entities in committing the fraud.

Respectfully submitted,

Howard A. Fischer
Senior Trial Counsel

Attachments

cc:   Lawrence Penn (via ECF and email)
      Ian Orr, Esq. (via ECF and email)