UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

|  |  |
|---|---|
| Plaintiff, | **No: 14-CV-0581 (VEC)** |
| - v. – | **ECF Case** |
| LAWRENCE E. PENN, III, CAMELOT ACQUISITIONS SECONDARY OPPORTUNITIES MANAGEMENT, LLC, THE CAMELOT GROUP INTERNATIONAL, LLC, AND SSECURION LLC, | |
| Defendants, | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH THE NON-PARTY SUBPOENAS SERVED BY THE SECURITIES AND EXCHANGE COMMISSION ON PAUL ENGEL AND SCOTT VANDERVLIET OF APPRAISAL ECONOMICS, INC.

Ian D. Orr, Esq.

ORR & BROWN, P.C.
*Attorneys for Camelot Acquisitions Secondary Opportunities Management, LLC, and The Camelot Group International, LLC*
75 S. Broadway, 4th Floor
White Plains, NY 10601
(914) 428-7700

-i-

## TABLE OF CONTENTS

PRELIMINARY STATEMENT...................................................................................................... 1

FACTUAL BACKGROUND ......................................................................................................... 2

ARGUMENT .................................................................................................................................. 3

   I.   The Court Must Quash the AEI Subpoenas as a Matter of Law, as the Subpoenas are
Defective on Their Face ............................................................................................................ 3

      A.   The AEI Subpoenas Failed to Grant the AEI Members a Sufficient Amount of Time
to Comply .............................................................................................................................. 3

      B.   The AEI Subpoenas Were Defective as the SEC Failed to Give Proper or Timely
Prior Notice to all Parties ................................................................................................... 4

   II.   The SEC Has Failed to Demonstrate a Substantial Need or Relevance for the Materials
Requested in the AEI Subpoenas                          4

      A.   The SEC Fails to Prove a Substantial Need for the Production of Materials from the
Non-Retained AEI Experts, Pursuant to Subpoena ............................................................ 5

      B.   The SEC Has Failed to Demonstrate that the AEI Subpoenas Seek Documentation or
Information Relevant to Claims or Defense in the Action................................................... 9

   II.   The SEC Continues to Pursue Privileged Attorney Work Product in the AEI Subpoenas ...
                                                                             10

      A.   The AEI Subpoenas Request Documentation That is Privileged and       Protected
from Disclosure .................................................................................................................. 10

CONCLUSION............................................................................................................................. 12

# TABLE OF AUTHORITIES

## Cases

*Bouchard Transp. Co. v. Assoc. Elec. & Gas Ins. Servs. Ltd.* (S.D.N.Y., 2015) ............................ 4

*Bridgeport Music Inc. v. UMG Recordings, Inc.* ........................................................................ 10

*Brown v. Hendler*, 09 cv 4486 (RLE), 2011 WL 321139, (S.D.N.Y. Jan. 31, 2011) ..................... 4

*Carter-Wallace, Inc. v. Otte*, 474 F.2d 529 (2nd Cir., 1972) ........................................................ 6

*Cole v. City of New York* (S.D.N.Y., 2012) ................................................................................... 5

*Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996) ............................ 11

*Eisemann v. Greene*, No. 97 Civ. 6094 (JSR), 1998 WL 164821, at \*2 (S.D.N.Y. Apr. 8, 1998) 10

*Fox Industries, Inc. v. Gurovich,* No. 03-CV-5166, 2006 WL 2882580, \*11 (E.D.N.Y. Oct. 6,

   2006) ........................................................................................................................................... 5

*Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947) ........................................ 12

*Kaufman v. Edelstein*, 539 F.2d 811 (C.A.2 (N.Y.), 1976) ........................................................... 7

*Kaufman v. Edelstein, 539 F.2d 811*, 822 (2d Cir. 1976) ........................................................... 7, 8

*Night Hawk Ltd. v. Briarpatch Ltd, LP*, No. 03 Civ. 1382, 2003 WL 23018833 ........................... 9

*Syposs v. United States*, 181 F.R.D. 224, 226 (W.D.N.Y. 1998) ................................................. 10

*United States v. Adlman*, 134 F.3d 1194 (2d Cir. 1998) .............................................................. 12

*United States v. Int'l Bus. Mach. Corp.* ....................................................................................... 10

*Usov v. Lazar*, 13 Civ. 818 (RWS) (S.D.N.Y., 2014) ................................................................... 4

## Rules

Fed. R. Civ. P. 26 .................................................................................................................. 2, 9, 11

Fed. R. Civ. P. 45 ...................................................................................................................... passim

## PRELIMINARY STATEMENT

This Preliminary Statement is submitted in support of the Defendants' () motion to quash the subpoenas served on Paul Engel and Scott Vandervliet of Appraisal Economics, Inc. ("AEI"). The two referenced members of Appraisal Economics, Inc. were once hired by my office to provide an expert report for this action but were replaced by a new expert, prior to their production of a report or any materials relevant to the action.

The subpoenas served on the aforementioned members of AEI were defective on their face, as they failed allow enough time for either member to comply with the same. Said failure constitutes a mandatory ground to quash, pursuant to Fed. R. Civ. P. 45(d)(3)(A)(i). Furthermore, the subpoenas referenced were also facially defective, as they were served without proper, prior notice to all of the parties in the action, as required by Fed. R. Civ. P. 45(a)(4). As such, the subpoenas should be quashed upon review of the instant motion, submitted to the Court.

In addition, to the deficiencies detailed above, the subpoenas as served, seek privileged and duplicative documentation from non-retained experts, who are not parties to the action. Therefore, the subpoenaed documents are restricted from disclosure by Fed. R. Civ. P. 45(d)(3) and Fed. R. Civ. P. 26(b)(3)(A). The testimony and/or documents of a non-retained expert are only discoverable upon a showing of "exceptional circumstances". See, Fed. R. Civ. P. 26(b)(4)(D)(ii). The SEC only desires the subpoenaed documents to "see" if the non-retained experts received the same documents as the actual retained experts. Clearly the SEC's motives are not compelling and do not constitute an exceptional circumstance.

Finally, the subpoenas seek documentation that is not relevant to any party's claims or defenses in the action, in violation of Fed. R. Civ. P. 26(b). At this time, Summary Judgment has already been granted to the SEC on its claims against the Defendants. There are no remaining claims or

defenses, in dispute or at issue, for any party. The only remaining proceeding is an evidentiary hearing to determine any necessary disgorgement or penalty, to be assessed by the Court.

As such, the subpoenas are also an undue and unnecessary burden, as they require a non-party witness to produce irrelevant and duplicative documents, in addition to a privilege log, with the SEC being unable to show any demonstrated relevance or materiality to the action. The members of AEI are non-parties to the action and should be subject to additional protection from unnecessary inconvenience, burden or expense related to a subpoena for irrelevant documentation, pursuant to Fed. R. Civ. P. 45(c)(2)(B).

It is clear, that there is no need for the non-expert testimony or production from AEI, as they have not produced any reports in the action. The SEC has not presented any compelling reason to mandate production, pursuant to the defective subpoenas served. Therefore, it remains clear, that the subpoenas should be quashed as a matter of law.

## FACTUAL BACKGROUND

The Court's Order, dated August 22, 2017 (ECF – Document #198) directed that an evidentiary hearing be scheduled in this matter to determine the amounts of Defendant, Penn's interest, in Camelot Acquisitions Secondary Opportunities, L.P. ("the Fund") upon his forfeiture of the same. AEI was hired by my office as experts on November 10, 2017 to produce a valuation of Mr. Penn's interest. However, on or about November 21, 2017 a new expert was hired (Woody Victor) and AEI was no longer retained. The SEC served subpoenas on the members of AEI, Paul Engel & Scott Vandervliet, ("members") on or about November 20, 2017, pursuant to the Court's Scheduling Order ('Scheduling Order") of September 13, 2017. A copy of the Scheduling Order is attached as, Ex. B to the Orr Declaration.

However, shortly thereafter, when the Defendants withdrew the AEI members as experts and disclosed a new expert; the SEC failed to revise or withdraw its Subpoena on the AEI

members.  In fact, the SEC failed to revise or withdraw the AEI subpoenas, even after receiving subpoenaed documents from the new expert (Woody Victor) and deposing Mr. Victor as an expert witness in the action.  The SEC's refusal to withdraw the subpoenas, although they are defective on their face and seek redundant and/or privileged documents has required the instant motion to quash the AEI subpoenas.

## ARGUMENT

### I.    The Court Must Quash the AEI Subpoenas as a Matter of Law, as the Subpoenas are Defective on Their Face

#### A.  The AEI Subpoenas Failed to Grant the AEI Members a Sufficient Amount of Time to Comply

The two (2) subpoenas served on AEI members are dated November 20, 2017, with a compliance date for the production of requested documents by November 30, 2017.  The subpoenas appear to have been sent by express mail for receipt by the AEI members on November 21, 2017.  *See*, AEI Subpoenas, as Ex. E, to the Declaration of Ian D. Orr, dated January 19, 2018 ("Orr Decl.").

The district courts have routinely held that nine (9) days or less for compliance with a Subpoena served on a non-party, is an insufficient amount of time, as a matter of law.  *See, Brown v. Hendler*, 09 cv 4486 (RLE), 2011 WL 321139, (S.D.N.Y. Jan. 31, 2011).  *See also, Bouchard Transp. Co. v. Assoc. Elec. & Gas Ins. Servs. Ltd.* (S.D.N.Y., 2015).  The subpoenas issued to the AEI members not only give the experts only nine days to comply but require that the experts produce "any materials reviewed, received, relied on or considered in connection with drafting the report".  However, the AEI members never even drafted a report or had time to consider materials to draft a report, as they were replaced with a new expert, prior to their receipt of the subpoenas in

question.  That new expert was disclosed to the SEC on November 22, 2018; two days after the SEC mailed the subpoenas to the AEI members.

### B. The AEI Subpoenas Were Defective as the SEC Failed to Give Proper or Timely Prior Notice to all Parties

Fed. R. Civ. P. 45(b)(1) requires that a notice must be served on each party in the action prior to serving a subpoena on a non-party.  The district courts have held that same-day notice to all other parties is inadequate "prior" notice under Fed. R. Civ. P. 45 and as such, the underlying subpoena should be quashed.  *See, Usov v. Lazar*, 13 Civ. 818 (RWS) (S.D.N.Y., 2014).  *See also, Fox Industries, Inc. v. Gurovich,* No. 03-CV-5166, 2006 WL 2882580. *11 (E.D.N.Y. Oct. 6, 2006).

In the instant matter, the SEC emailed notice to all parties that subpoenas had been issued on November 20, 2017 at 2:52 p.m., which is the same afternoon the subpoenas were purportedly served on the AEI members.  *See*, Notice of Subpoena, as Ex. E, to Orr Declaration.  The same day notice provided by the SEC does not comport with the procedure or purpose of Fed. R. Civ. P. 45(b)(1).  The district courts have defined the meaning of the prior notice requirement as "the purpose of such notice is to afford other parties an opportunity to object to the production or inspection, or to serve a dend for additional documents or things." See, *Cole v. City of New York* (S.D.N.Y., 2012).

Here, the SEC did not give the other parties prior notice and therefore the parties were unable to object or otherwise respond to the subpoenas at issue.  In such an instance, the courts have quashed the underlying subpoena due to the failure to give adequate prior notice.  For that same reason, the AEI subpoenas should be quashed in the instant matter.

### II.   The SEC Has Failed to Demonstrate a Substantial Need or Relevance for the Materials Requested in the AEI Subpoenas

**A. The SEC Fails to Prove a Substantial Need for the Production of Materials from the Non-Retained AEI Experts, Pursuant to Subpoena**

The SEC does not present a valid or compelling argument in support of their pursuit of documentation through the AEI subpoenas. The SEC has been provided with all of the requested discovery from the Defendants' current expert in a complete response to their subpoena, as well as having the opportunity to depose that expert at length. Yet the SEC continues its pursuit of documentation from the non-retained AEI experts for the sole purpose of "fishing around" to see if the non-retained experts *may* have received different materials or direction, than the Defendants' retained expert. See, Conference Transcript, as Ex. K, attached to the Orr Declaration.

The SEC does not argue that the non-retained AEI witnesses have materials that are material, relevant or necessary to the claims or defenses of any party in this action. Instead, the SEC has agreed that it only seeks the documentation to see if the non-retained expert received or reviewed different materials than the retained expert. *See*, Conference Transcript.

If the non-retained experts had actually reviewed documentation and produced a report, then perhaps the SEC could argue a need to produce the report for some comparative value. However, the fact that AEI never produced a report or any other documentation in the short timeframe they were involved in the action, would seem to make the SEC's pursuit of the subpoenaed documents baseless. In short, the SEC could only hope to obtain materials that were never reviewed to form an expert opinion or to produce an expert report. As such, those materials could not possibly be material, relevant or necessary to any party's claims or defenses in this action.

The Court of Appeals for the Second Circuit has historically applied various test factors when addressing the production of documentation from a non-retained expert. One of the tests applied is a "substantial need" test, pursuant to Fed. R. Civ. P. 45(d)(3)(C). The test examines

whether there is a substantial need for the subpoenaed material that cannot be otherwise satisfied, without undue hardship. However, the test is usually applied to a former expert witness that *actually* had the time or opportunity to form an expert opinion or produce an expert report. *See, Carter-Wallace, Inc. v. Otte*, 474 F.2d 529 (2nd Cir., 1972).

Here, the SEC has not sought out a former opinion or report from the AEI experts, only documents they received from the Defendants or their counsel. The SEC has refused to withdraw or modify the subpoenas although they are fully aware that the experts possess privileged communications and are not retained. It is clear that the SEC has no good or valid reason for their pursuit of privileged communications and irrelevant documentation from AEI. Certainly, the SEC has failed to show any substantial need for the documents sought from a non-retained expert, who has never formed an expert opinion or report.

In addition to the substantial needs test, the Court of Appeals for the Second Circuit has detailed five factors that are applied to determine whether a non-retained expert may be compelled to produce subpoenaed documentation. *See, Kaufman v. Edelstein*, 539 F.2d 811 (C.A.2 (N.Y.), 1976). The *Kaufman* court lists the following five test factors:

(1) "[T]he degree to which the expert is being called because of his knowledge of facts relevant to the case rather than in order to give opinion testimony"; (2) "the difference between testifying to a previously formed or expressed opinion and forming a new one"; (3) "the possibility that, for other reasons, the witness is a unique expert"; (4) "the extent to which the calling party is able to show the unlikelihood that any comparable witness will willingly testify"; and (5) "the degree to which the witness is able to show that he has been oppressed by having continually to testify[.]"

*Kaufman v. Edelstein*, 539 F.2d 811, 822 (2d Cir. 1976).

When the AEI subpoenas are examined under the five test factors as outlined, it quite clear that there is no "substantial need" for the non-retained AEI experts to produce documents or testimony, pursuant to the subpoenas. The SEC cannot make any argument of "undue hardship" when they have already received subpoenaed documents from the retained expert and deposed that expert as well.

### 1. The Five Factor Analysis

The first factor outlined by the *Kaufman* court examines whether the subpoenaed non-expert is being called upon to produce documents or testimony related to an expert opinion or to provide factual testimony or relevant factual documentation. In the instant matter, it would appear that the SEC is not seeking either through the AEI subpoenas. The non-retained AEI experts never formed an expert opinion or produced an expert report, so the SEC cannot seek either under subpoena. In addition, the AEI experts cannot produce documents or testimony relevant to the facts of the case, as they have no acquired knowledge of the same and were only hired experts for approximately ten (10) days. Clearly, there is no "substantial need" illustrated under the first test factor.

The second test factor examines whether the documents or testimony sought from the non-retained expert is relevant to a previous formed opinion or if the subpoena asks the non-party expert to form a new opinion. Again, in this matter, AEI has not formed any previous opinion or created any previous documentation relative to this matter. As a result, the AEI subpoenas cannot seek testimony or documentation relative to a previous opinion. In addition, the AEI subpoenas could only require the AEI experts to help form a new opinion, which is unnecessary as the Defendants have already produced an expert report and opinion in this matter. Under analysis,

there is no "substantial need" for the AEI experts to help form a new opinion, when an expert opinion has already been submitted in the action.

The third test factor examines whether the non-retained expert is unique in any way, that may justify the need for that specific witness to produce documents or testimony in response to a subpoena. There is nothing unique or compelling about the AEI experts, that would suggest a necessity for their response to the subpoena. The AEI experts never produced an opinion or report and were only hired for ten days, before being replaced. There is no "substantial need" for their production of documents pursuant to subpoena.

The fourth and fifth test factors examine the likelihood of another witness testifying instead of the non-retained expert and the degree of oppression suffered by the non-retained expert in having to respond to the subpoena and/or testify. At this point, it is obvious that there is no "substantial need' for documents or testimony from AEI, as another retained expert has already produced documentation requested by the SEC *and* already testified instead of the non-retained AEI experts. Finally, the AEI experts have been oppressed and burdened, as a result of the subpoenas. The AEI experts have been subject to multiple harassing and threatening emails from the SEC with regard to the subpoenas, in spite of their non-retained, non-party status. Within those emails, the AEI experts are told by the SEC that they "better get a lawyer", which would obviously cause additional expense and burden. See, SEC Email string, as Ex._, attached to the Orr Declaration. After an examination of all factors considered by the Kaufman court, it is clear that SEC cannot meet the threshold of proof that a "substantial need" exists and requires that AEI comply with the subpoenas. As such, the subpoenas should be quashed pursuant to Fed. R. Civ. P. 26(b)(1) and Fed. R. Civ. P. 45(D)(3)(A)(iv).

**B. The SEC Has Failed to Demonstrate that the AEI Subpoenas Seek Documentation or Information Relevant to Claims or Defense in the Action**

Fed. R. Civ. P. 26(b)(1) details the standard for discovery of materials and requires that any discovery sought is material and relevant to the claims and defenses alleged in the corresponding action. In accordance with the Rule, the district courts have consistently held that any information or documentation sought through subpoena must also be material and relevant to the claims and defenses of the parties. See, Night Hawk Ltd. v. Briarpatch Ltd, LP, No. 03 Civ. 1382, 2003 WL 23018833.

The burden to prove that the documentation or information sought in a subpoena is carried by the party issuing the subpoena. See, Bridgeport Music Inc. v. UMG Recordings, Inc., No. 05 Civ. 6430, 2007 WL 4410405, at *2 (S.D.N.Y. Dec. 17, 2007); Quotron Sys., Inc. v. Automatic Data Processing, Inc., 141 F.R.D. 37, 41 (S.D.N.Y. 1992); Culligan v. Yamaha Motor Corp., 110 F.R.D. 122, 125 (S.D.N.Y. 1986)

The SEC is hard pressed to meet that burden, as they have already exposed their motive for seeking the documents under subpoena. In fact, it is the fact that the SEC still pursues the irrelevant documentation that requires that the subpoenas are quashed. Any response to a subpoena that seeks irrelevant and non-material information is unduly burdensome because it is not necessary. The district court has held that the determination of whether a subpoena is unduly burdensome relies on whether the subpoenaed documents are relevant. Here, the subpoenaed documents are not relevant or material to any claims or defenses and therefore they be quashed upon this motion to the Court. See, United States v. Int'l Bus. Mach. Corp., 83 F.R.D. 97, 104 (S.D.N.Y. 1979).

Specifically, a subpoena that only seeks irrelevant information must be quashed as a matter of law. See, Eisemann v. Greene, No. 97 Civ. 6094 (JSR), 1998 WL 164821, at *2 (S.D.N.Y. Apr.

8, 1998) rev'd on other grounds, 204 F.3d 393 (2d Cir. 2000); see also, Syposs v. United States, 181 F.R.D. 224, 226 (W.D.N.Y. 1998). The SEC subpoena only seeks documents relevant to the AEI retention as experts and production of an expert report. As AEI is a non-retained expert, who never produced a report, the AEI subpoenas clearly seek irrelevant documentation and information.

When a subpoena seeks information of minimal relevance to the claims or defenses of the parties, courts have quashed the subpoenas as "unreasonable" even when the burden to comply does not cause undue hardship. See, Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 49 (S.D.N.Y. 1996). In the instant matter, the SEC's pursuit of the irrelevant documents reviewed by a non-retained expert is unwarranted and serves only to harass and spur unnecessary litigation. As such, the AEI subpoenas should be quashed.

## II. The SEC Continues to Pursue Privileged Attorney Work Product in the AEI Subpoenas

### A. The AEI Subpoenas Request Documentation That is Privileged and Protected from Disclosure

Fed. R. Civ. P. 26(b)(3)(a) states in part, "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative". AEI has already provided the SEC with non-privileged documents in response to the AEI subpoenas. See, AEI correspondence, as Ex. I, attached to Orr Declaration. Moreover, I have personally communicated with the SEC to confirm that they are seeking privileged documentation through the AEI subpoenas and provided a formal response to the AEI subpoenas detailing the same. See, AEI Response to Subpoena, as Ex. _, attached to the Orr Declaration. I

have also made the SEC aware that I hired AEI through retainer on behalf of my clients[1] in this action and that I am representing them, with respect to the AEI subpoenas that seek privileged documentation. See, AEI retainer, as Ex. C, attached to the Orr Declaration.

However, even after receipt of the non-privileged materials, the SEC continued to harass and threaten AEI directly, in pursuit of irrelevant, privileged documentation. The remaining documentation, which has forced unnecessary motion practice, is primarily attorney work product prepared in the anticipation of this trial/hearing. Those documents are protected, as they were prepared in the scope of my representation of my clients, who are a party to this action. The SEC has not put forward any cognizable argument, as to why the attorney work-product would be discoverable in this action.

It is well settled precedent, that attorney work-product doctrine protects an attorney's work, thoughts, notes and preparation for trial, from his adversary. See, *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). The only exception to that protection occurs when an adversary can demonstrate a "substantial need" for the information or documentation sought, along with an inability to obtain it elsewhere. Here, the SEC argues only that it *wants to see* the documentation for comparison. They present no pressing need or relevance but expect that this Court will enable the SEC to gain access to attorney work product, so as to gain an advantage in this litigation. In the absence of proof of a substantial need or even any relevance of the documents sought, the AEI subpoenas should be quashed as a matter of law. See, *United States v. Adlman*, 134 F.3d 1194 (2d Cir. 1998).

---

[1] Orr & Brown, P.C. represents Camelot Acquisition Secondary Opportunities Management LLC and Camelot Group International, LLC, who are parties in the action.

## <u>CONCLUSION</u>

The SEC served subpoenas on AEI that were defective from the outset. The subpoenas failed to grant AEI sufficient time to respond and the SEC failed to give adequate prior notice to all parties. The content of the subpoenas was also in error, as the subpoenas requested documentation from the AEI retention by "Penn", yet Penn never retained the experts.

Two days after the subpoenas were served, the SEC was aware that AEI were no longer retained experts, yet they continued to pursue irrelevant documentation from AEI, with the sole purpose of making a comparison. Even after receipt of the non-privileged documents, the SEC has continued to litigate this issue for no good reason. The SEC cannot prove the documents sought are relevant to anything and they already deposed the Defendants' expert, who is relevant to this action.

The documents sought were never reviewed to form an expert opinion or to make an expert report. It is clear that the documents are irrelevant to the evidentiary hearing, as well as primarily being privileged. It is the fact that the SEC cannot prove relevance or demonstrate any substantial need for the subpoenaed documents, that will allow this Court to quash the subpoenas as a matter of law, irrespective of any privilege. We respectfully request that this Court quash the AEI subpoenas, as prescribed by law.

Date:    January 19, 2018
         New York, New York

_____
Ian D. Orr, Esq.
Orr & Brown, P.C.
75 S. Broadway — 4th Floor
White Plains, New York 10601
Direct Dial: 914.428.7700
iorr@orrbrownlaw.com

*Attorneys for Camelot Acquisitions Secondary*
*Opportunities*
*Management, LLC, and The Camelot Group*
*International, LLC*

-13-

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2018, I electronically filed a true copy of the foregoing with the Clerk of court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record for the parties in the action, who are known registered participants of the Courts CM/ECF system through email.

For Plaintiff: Howard Fisher, Kate Bromberg

For Defendant, Pro-Se: Lawrence Penn

Ian D. Orr, Esq.
Orr & Brown, P.C.
75 S. Broadway — 4th Floor
White Plains, New York 10601
Direct Dial: 914.428.7700
iorr@orrbrownlaw.com

*Attorneys for Camelot Acquisitions Secondary Opportunities Management, LLC, and The Camelot Group International, LLC*