# EXHIBIT J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

- v. —

LAWRENCE E. PENN, III, CAMELOT ACQUISITIONS SECONDARY OPPORTUNITIES MANAGEMENT, LLC, THE CAMELOT GROUP INTERNATIONAL, LLC, AND SSECURION LLC,

                Defendants,

No: 14-CV-0581 (VEC)

**NON-PARTY APPRAISAL ECONOMICS OBJECTIONS AND RESPONSES TO U.S. SECURITIES & EXCHANGE COMMISSION'S SUBPOENA *DUCES TECUM***

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, non-party Appraisal Economics, Inc. ("Appraisal Economics") hereby responds to the Subpoenas to Produce Documents, Information, or Objects, dated November 20, 2017, (the "Subpoena(s)") issued by Plaintiff, United States Securities and Exchange Commission (the "SEC") and served on Paul Engel and Scott Vandervliet of Appraisal Economics, as follows:

**PRELIMINARY STATEMENT**

1.     Appraisal Economics' response to the Subpoena (the "Response") is made to the best of Appraisal Economics' current knowledge, information, and belief.

- 1 -

2. The Response also considers the representations made in email communications by the SEC concerning the Subpoenas. Within those communications, the SEC asked Appraisal Economics to send over any responsive non-privileged documents in its possession, and later requested Appraisal Economics to prepare a formal response to the Subpoenas served, including a privilege log of all documents or communications that are subject to privilege.

3. The SEC continues to seek documents provided to Appraisal Economics although they have been made aware that Appraisal Economics is no longer an expert in this action and that Appraisal Economics has not produced any expert reports in this action. The SEC continues its unnecessary pursuit of documents from the former expert, Appraisal Economics, with knowledge that only reports, documents or memoranda utilized by Appraisal Economics to produce an expert report would actually be responsive to the Subpoena, pursuant to Fed. R. Civ. P. 26(b)(4)(c) and Fed. R. Civ. P. 45(d)(3). Accordingly, since Appraisal Economics never produced a report, they cannot state that any materials received or reviewed were relied on in forming an expert opinion to be expressed in a report. In addition, the notes, drafts or estimates produced for or by the attorney that hired them, in the anticipation of the trial/hearing are protected from disclosure, under the attorney work product doctrine. The creation of a privilege log in connection with the subpoena is unduly burdensome and unnecessary, as almost all of the documents provided to Appraisal Economics are likely protected by the aforementioned Federal Rule 26(b)(4)(c) and/or Fed. R. Civ. P. 26(b)(3). The only exceptions being public documents and reference materials already disclosed in the action or readily available to the SEC.

4. The Subpoenas that were issued are defective on their face, as they fail to grant either member of Appraisal Economics a proper or sufficient amount of time to respond, in violation of Fed. R. Civ. P. 45(d)(3). In an additional violation of Fed. R. Civ. P. 45(d)(3), the

Subpoenas seek materials considered in forming an expert opinion from currently un-retained experts, who never produced an expert report or opinion, in this action. The SEC is fully aware of the aforementioned, yet they have refused to revise the subpoenas, as of this date. As such, said subpoenas should be quashed as a matter of law, upon motion to the Court.

## GENERAL OBJECTIONS

Appraisal Economics makes the following General Objections to each and every instruction, definition, topic, and/or request in the Subpoena, and incorporates by reference said objections into each specific response as if set forth fully therein. The assertion of the same, similar, or additional objections to specific requests for production does not waive any of Appraisal Economics objections as set forth below.

1. Appraisal Economics objects to the Subpoena to the extent that it attempts to elicit protected documents, communications, or information subject to, among other things, the attorney-client privilege, the work product doctrine, New York State Rule of Professional Conduct 1.6, S.D.N.Y. Local Civil Rule 1.5(b)(5), the confidentiality rights of third parties, or any other such protection of documents containing impressions, conclusions, opinions, legal research, or theories. Appraisal Economics asserts each and every one of the foregoing privileges and protections applicable to the information sought to the fullest extent provided by law, applicable rules, and current and future orders of the Court. In the event, that any privileged or protected information is produced by Appraisal Economics, its production is inadvertent and does not constitute a waiver of any privilege or protection. If and to the extent Appraisal Economics provides any information,

communications, or documents, it will do so only subject to the protections of an appropriate protective order.

2. Appraisal Economics objects to the Subpoenas to the extent that they seek to impose upon Appraisal Economics obligations greater than those required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York.

3. Appraisal Economics objects to the Subpoenas on the grounds and to the extent that they seek any publicly-available information and documents. Appraisal Economics further objects to the Subpoenas on the grounds and to the extent that they seek information and documents that are already in the possession of parties to this action, or other third parties who are equally and more appropriately available to the SEC, and from whom the SEC can and should obtain such information and documents.

4. Appraisal Economics objects to the Subpoenas to the extent that they seeks information that is subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party. Appraisal Economics must comply with any contractual obligation with such third party, and at the very least after Appraisal Economics has provided written notice to the third party and only after the third party has an adequate opportunity to object to the provision of the confidential information.

5. Appraisal Economics objects to the Subpoenas' instruction to produce documents from the "Relevant Time Period," defined as January 1, 2012 through the date of the Response to the Subpoena. This instruction is overly broad and disproportionate to the current scope and needs of the instant matter, notably because Appraisal Economics was not hired until November 2017 and cannot be required to ascertain the creation date of documents reviewed or received.

6. Appraisal Economics objects to the date and time of production set forth in the Subpoenas for failing to allow reasonable time to comply. The Subpoena was served on November 20, 2017 and requires Appraisal Economics to search for, review, and produce documents by November 30, 2017 at 9:00 a.m. Accordingly, Appraisal Economics objects to the subpoenas in question, as they are defective as served and should be quashed, pursuant to Fed. R. Civ. P. 45(d)(3).

## OBJECTIONS TO DEFINITIONS

1. Appraisal Economics objects to the SEC's definition of "Penn" as overly broad, vague, ambiguous, and unintelligible, particularly where Lawrence E. Penn III is a natural person and the definition includes "any of his subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, general partners, limited partners, partnerships and aliases, code names, or trade or business names used by any of the foregoing."

## SPECIFIC RESPONSES TO REQUESTS

**REQUEST NO. 1:**

All materials in your file related to the litigation titled *SEC v. Penn et al.,* No. Civ. 14-0581 being litigated in the District Court of the Southern District of New York in front of Judge Caproni.

**RESPONSE TO REQUEST NO. 1:**

Appraisal Economics incorporates the foregoing general objections as if fully set forth herein. Appraisal Economics objects to this Request on the grounds that it is overly broad and not reasonably tailored to avoid undue burden on Appraisal Economics. Appraisal Economics further objects to this Request on the grounds, that it seeks information or documents that are publicly

available or that are equally available to the SEC from the current retained expert, who has already been deposed by the SEC, after responding to the SEC's subpoena. Appraisal Economics further objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege, attorney work product doctrine, or any other applicable protection. Appraisal Economics also objects to this Request, as no member of Appraisal Economics is a retained expert in this action and no member of Appraisal Economics has ever produced an expert report or opinion, in this action.

**REQUEST NO. 2:**

All materials related to Your retention as an expert by Penn, including but not limited to:

a. Those materials received in connection with the matter or retention from Penn.
b. Those materials received in connection with the matter or retention from any other defendant or party to this action, or from anyone else.
c. Any materials reviewed, received, relied on or considered in connection with drafting the report and Your retention.

**RESPONSE TO REQUEST NO. 2:**

Appraisal Economics incorporates the foregoing general objections as if fully set forth herein. Appraisal Economics objects to this Request on the grounds that it improperly assumes and relates to Appraisal Economics' "retention as an expert by Penn" and Penn did not retain or hire anyone from Appraisal Economics, as an expert in this matter. Appraisal Economics further objects to this Request on the grounds, that it seeks information or documents that are publicly available or that are equally available to the SEC from the current retained expert, who has already been deposed by the SEC, after responding to the SEC's subpoena. Appraisal Economics further objects to this Request on the grounds, that it seeks information or documents that were "reviewed, received, relied on or considered, in connection with drafting the report" and Appraisal Economics nor either of the two members subpoenaed, drafted any reports. Appraisal Economics further

objects to this Request to the extent it calls, for the production of documents protected by the attorney-client privilege, attorney work product doctrine, or any other applicable protection. Appraisal Economics also objects to this Request, as no member of Appraisal Economics is a retained expert in this action and no member of Appraisal Economics has ever produced an expert report or opinion, in this action.

Dated: January 12, 2018
      White Plains, NY

                                                               _____
                                                               Ian D. Orr, Esq. (IO-4040)
                                                               ORR & BROWN, P.C.
                                                               75 S. Broadway — 4th Floor
                                                               White Plains, New York 10601
                                                               Direct Dial:    914.428.7700
                                                               Email: iorr@orrbrownlaw.com