

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10281-1022

WRITER'S DIRECT DIAL LINE
(212) 336-0589

January 19, 2018

**BY ECF**

The Honorable Valerie E. Caproni
United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    <u>SEC v. Lawrence E. Penn, III ("Penn"), et al., No. 14 Civ. 0581 (VEC)</u>

Dear Judge Caproni:

    We write to move to compel, pursuant to Fed.R.Civ.Proc. 37, Paul Engel and Scott Vandervliet of Applied Economics Inc. ("AEI") to respond to the SEC's November 20, 2017 subpoenas to obtain materials provided to them by Penn (the "Subpoenas", attached hereto as Exhibit A). We make this motion with extreme reluctance, because it might be completely unnecessary, and because our efforts – and the Court's – to determine whether this application is necessary have been met with silence and stonewalling, and a flagrant disregard of this Court's January 8, 2018 Order. [Docket Entry 232.] Because AEI refuses to state whether or not the handful of documents they have already produced constitute the universe of responsive documents, or to provide a privilege log so that the SEC can determine how well-grounded the assertion of any privilege might be, the SEC is hamstrung in proceeding further and must move to compel.

**Background**

    By the terms of the Subpoenas, responses from Mr. Engel and Mr. Vandervliet of AEI were required by November 30, 2017.[1] As set forth in the SEC's prior correspondence, Mr. Orr, who claims not to represent Penn in this proceeding, directed AEI not to respond on grounds of claimed privilege. *See* Docket Entry 230, and Exhibits thereto. When the SEC requested a privilege log, AEI sent instead, "As directed by Mr. Ian Orr" seven documents "related to the above-referenced matter." (Exhibit B hereto). The SEC raised the fact [Docket Entry 230] that it was impossible to determine from this response whether all documents responsive to the Subpoenas were produced, or whether any were held back due to objections based on relevance, privilege, or any other ground.

---

[1] This time period, to which no objection was asserted at the time, was due to the fact that this matter was, pursuant to Penn's requests, set for an expedited schedule.

At the Court conference of January 5, 2018, this issue was raised, and by Order dated January 8, 2018 [Docket Entry 232] the Court directed AEI, by January 12, 2018, either to (1) certify that it has fully complied with the SEC's subpoena or (2) provide a privilege log and responses and objections. In deliberate disregard of this Court's Order, AEI did neither.

Instead, not only has AEI not certified whether its production is complete, it has failed to produce a privilege log. AEI represented, via correspondence dated January 11, 2018 (attached hereto as Exhibit C), that Mr. Orr would be providing a privilege log, but none was ever provided, rendering it impossible for the SEC to determine whether there are additional responsive documents, or whether any claimed privilege is justifiable. Instead, AEI, through Mr. Orr, objected to the Subpoenas on the grounds of overbreadth, that the documents sought are publicly available or otherwise available from other parties, or are privileged under the work product, attorney-client, or other privilege. *See* Response dated January 12, 2018, attached hereto as Exhibit D.

Consequently, this motion to compel is made somewhat in the dark, because AEI and Mr. Orr' did not follow this Court's explicit directions. Nonetheless, it is clear that the subpoena should be enforced, and any objection thereto rejected, for the following reasons. The SEC also addresses some of the arguments that are likely to be raised in any motion to quash made by Mr. Orr tomorrow.

*First*, there is no valid objection based on privilege. To the extent that AEI is arguing, through Mr. Orr, that materials it has in its possession are privileged because they were provided by Mr. Orr, that objection is groundless. In the first place, Mr. Orr is not Penn's counsel (or so he continually asserts, notwithstanding a tidal swell of evidence to the contrary.) If the materials were provided by him, it is hard to see how they are privileged even under the most expansive interpretation, since he is allegedly not acting as the attorney on behalf of the party for which AEI was temporarily retained.

Furthermore, it is well-established that there is no privilege for materials provided to any expert, simply because they may have been provided by an attorney. *See, e.g., In Re Methyl Tertiary Butyl Ether Products Liability Litig.*, 293 F.R.D. 568, 574 (S.D.N.Y. 2013) (materials provided by attorney to expert are not protected work product, regardless of whether or not these materials are relied upon in forming an expert opinion); *see also Southwest Insulation, Inc. v. General Insulation Co.*, 2016 WL 9245433, *3 (N.D. Tex. Aug. 31, 2016); *Powerweb Energy, Inc. v. Hubbell Lighting, Inc.*, 2014 WL 655206, at *1–2 (D. Conn. Feb. 20, 2014). To the extent that any privilege conceivably attached, it was waived by AEI's partial production.

*Second*, any objection based on overbreadth or availability from other parties is unavailing, nor could it be asserted in good faith as AEI has no idea what materials have been provided by other parties. Given that there are only two requests for documents in the Subpoenas, it defies comprehension as to how it could be overbroad. In any event, despite repeated expressions by the

2

SEC of its willingness to discuss the scope of the Subpoenas, AEI and Mr. Orr have refused to do so.

*Third*, any motion to quash must be rejected as untimely. Any responses to the Subpoenas were due on November 30, 2017 – not several months later. *See* Fed.R.Civ.Proc. 45(d)(2)(B) ("objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.") For that reason, courts routinely reject untimely motions such as the one at bar. *See, e.g., Eldeghar v. NY Dept. of Citywide Admin. Svcs.*, 2003 WL 22455224 (S.D.N.Y. Oct. 28, 2003) ("The law is well settled that a failure to assert objections to a discovery request in a timely manner operates as a waiver" (collecting cases)); *see also Cohalan v. Genie Indus.*, 276 F.R.D. 161, 163-64 (S.D.N.Y. 2011); *United States v. International Business Machines Corp.*, 70 F.R.D. 700, 701 (S.D.N.Y.1976) (failure to object within time frame acts as waiver of objections).

*Fourth*, because they do not implicate any privilege adhering to any party that Mr. Orr claims to represent, the objections must be rejected due to the lack of standing. Only AEI, and not Penn, or any other party to this proceeding, has standing to object to the Subpoenas, absent a privilege claim. As Mr. Orr has not formally appeared on behalf of AEI, he cannot assert objections or file a motion on its behalf. *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir.1975). *See also Garneau v. Paquin*, 2015 WL 3466833, at *3 (D. Conn. June 1, 2015) (absent a legitimate privilege, a party does not have the right to move to quash a subpoena on a third party); *Samad Bros., Inc. v. Bokara Rug Co. Inc.*, 2010 WL 5094344, at *2 (S.D.N.Y. Nov. 30, 2010); *Nova Products, Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 241 (S.D.N.Y. 2004) (refusing to quash party's motion to quash discovery on non-party where that party had no privilege at issue).

Based on the foregoing, the SEC respectfully submits that the Subpoenas should be enforced, and any motion to quash made by Mr. Orr on behalf of Penn (or any other party) be rejected.

Respectfully submitted,

Howard A. Fischer
Senior Trial Counsel

cc: Lawrence Penn (via ECF and email)
Ian Orr, Esq. (via ECF and email)
Paul Engel, AEI (via email)

3