

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10281-1022

WRITER'S DIRECT DIAL LINE
(212) 336-0170

March 15, 2018

**BY ECF**

The Honorable Valerie E. Caproni
United States Courthouse
40 Foley Square
New York, NY 10007

> Re: <u>SEC v. Lawrence E. Penn, III ("Penn"), et al., No. 14 Civ. 0581 (VEC)</u>

Dear Judge Caproni:

We write in accordance with the Court's February 20, 2018 Order [Docket Entry 251] that the SEC raise by letter its contentions with regard to the privilege log provided by Mr. Ian Orr on behalf of Applied Economics Inc. ("AEI") on February 9, 2018 attached hereto as Exhibit A. The SEC requests the Court's permission to move to compel, pursuant to Fed.R.Civ. Proc. 37, AEI to produce documents 1-16 withheld on the grounds of attorney work product privilege as specified on the AEI Log, or in the alternative for an *in camera* inspection. First, the documents identified on the AEI Log sent by Mr. Orr to AEI are not protected by the attorney work product privilege because these documents were turned over to AEI. Second, even if there were an attorney work product privilege, AEI has waived any work product privilege by its lengthy delay in producing the AEI Log.

**Background to the Long-Awaited AEI Log**

The SEC served two subpoenas on the experts named by Mr. Penn in his expert disclosure – Mr. Engel and Mr. Vandervliet of AEI. These subpoenas required responses and any privilege log by November 30, 2017.[1] AEI did not respond or prepare a privilege log pursuant to Mr. Orr's direction. *See* Docket Entry 230, and Exhibits thereto. When the SEC requested a privilege log, AEI sent instead, "As directed by Mr. Ian Orr" seven documents "related to the above-referenced matter." *See* Docket Entry No. 242 Exhibit B.

The SEC raised this issue at the January 5, 2018 Court conference and this Court then issued an Order dated January 8, 2018 [Docket Entry 232] directing AEI, by January 12, 2018, either to (1) certify that it has fully complied with the SEC's subpoena or (2) provide a privilege log and responses and objections. AEI ignored this Court's Order and did neither.

---

[1] This time period, to which no objection was asserted at the time, was due to the fact that this matter was, pursuant to Penn's requests, set for an expedited schedule.

Finally, more than two months later in an expedited discovery proceeding and only after this Court's February 5, 2018 Order ("February 5 Order") [Docket Entry 48], AEI at last produced its privilege log on February 9, 2018. The AEI Log lists 17 documents, 16 of which are communications from an L. Robiso to Mr. Orr "approximate[ly]" "creat[ed]" on November 12, 2017. These documents look suspiciously like the exact category of relevant documents this Court used in its February 5, 2018 Order to illustrate why the Commission was seeking relevant documents, that is documents produced to AEI but not to Mr. Penn's third retained expert disclosed after the arrangement with AEI did not work out. The Court went on to explain that documents such as nos. 1-16 on the AEI log "may be used in cross-examination to cast doubt on the accuracy of the retained expert's conclusions, or in connection with *Daubert* briefing to challenge reliability and the expert's methodology." February 5 Order, at 2. The Commission is entitled to see these documents because no attorney work product privilege attaches to them.

No attorney work product privilege attaches here because that protection is waived with respect to materials provided to a retained expert for the purpose of testifying. While materials provided by a consulting expert to a testifying expert may have the qualified privilege of work-product protection, "any ambiguity as to the role played by the expert when reviewing or generating documents should be resolved in favor of the party seeking discovery." *See, e.g.*, *In Re Methyl Tertiary Butyl Ether Products Liability Litig.*, 293 F.R.D. 568, 574 (S.D.N.Y. 2013) (materials provided by attorney to expert are not protected work product, regardless of whether or not these materials are relied upon in forming an expert opinion); *see also Baum* v. *Village of Chittenango*, 218 F.R.D. 36 (N.D.N.Y. 2003) (holding that expert disclosure requirement trumps work product privilege for letters drafted by an attorney). Here, AEI, while retained as an expert for Mr. Penn, reviewed documents prepared by a consulting expert L. Robiso. While the retention of AEI was short-lived, the documents shown by Mr. Orr to L. Robiso are exactly the kind of documents that favor production to the SEC: they are non-privileged, disclosed to third parties waiving any work-product protection increasing the likelihood of disclosure to an adverse party, and not otherwise available to the SEC.

Moreover, AEI's significant intentional delay in producing the AEI Log results in a waiver of any such privilege. *See, e.g., In re Chevron Corp.*, 749 F. Supp.2d 170, 181 (S.D.N.Y. 2010). In *Chevron*, the Court held the party there to have waived any privilege by failing to timely submit a privilege log. *See id.* Moreover, the *Chevron* Court also observed that the privilege log in question listed "not even one document that was written to or addressed to . . . the clients whose privilege supposedly being asserted." *See id.* That is also true of the AEI Log – here Mr. Orr seeks to assert a privilege on behalf of an expert retained for and by Mr. Penn, whom Mr. Orr is not representing, which exists in its entirety of documents created by a third party and passed on to AEI. The Chevron Court also elaborated on its holding, explaining that "[t]he purpose of Rule 26.2(c) . . . reflects the Court's "preference that parties 'raise all objections at once, rather than in staggered batches, so that discovery does not become a 'game.' Accordingly, the starting position is that the privilege log must be served with the objections or motion to quash and that the failure

to do so may result in waiver of the privilege claims." *Id.* Here, as in *Chevron*, AEI delayed its production of a privilege log in an attempt to stymy the SEC's discovery requests, and as a result any privilege AEI asserts should be deemed waived.

Based on the foregoing, the SEC respectfully submits that documents 1-16 listed on the AEI Log be produced in their entirety or in the alternative for an *in camera* inspection.

Respectfully submitted,

*/s/ Kat S. Bms*

Katherine S. Bromberg
Senior Counsel

cc:   Lawrence Penn (via ECF and email)
      Ian Orr, Esq. (via ECF and email)
      Paul Engel, AEI (via email)