

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10281-1022

WRITER'S DIRECT DIAL LINE
(212) 336-0589

April 4, 2018

**BY ECF**

The Honorable Valerie E. Caproni
United States Courthouse, 40 Foley Square, New York, NY 10007

Re:   **SEC v. Penn, et al., No. 14 Civ. 0581 (VEC)**

Dear Judge Caproni:

The Court has asked the parties whether Appraisal Economics, Inc. ("AEI") should be considered an expert witness whose documents identified in the privilege log may qualify for disclosure pursuant to Rule 26(b)(4)(C)(ii) (a "testifying expert"); or, as a consulting expert "who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial" pursuant to Rule 26(b)(4)(D) (a "consulting expert").  Docket No. 258. The Commission submits that AEI should be considered a testifying expert because it was identified by Defendant as such.

**Background**

On November 10, the deadline for identifying testifying experts, Penn designated AEI as a testifying expert witness. On November 22, Penn instead submitted an expert report from Woody Victor. In his deposition on November 28th, Penn testified he was unsure whether AEI had been retained for any purpose because Mr. Ian Orr, attorney for The Camelot Group International and Camelot Acquisitions Secondary Opportunities, LLC, was in charge of retaining an expert on his behalf.  November 28, 2017 Lawrence E. Penn Deposition, 175:3-181:12.

After AEI largely refused to produce documents in response to a subpoena from the Commission, the Commission moved to compel. AEI produced more documents and on February 8, 2018, AEI produced a privilege log (prepared by Mr. Orr) listing 17 documents (the "AEI Log").  Sixteen of those documents were dated November 12, 2017 and described as draft documents sent from a "consultant," Ms. L. Robiso, to Ian Orr and Appraisal Economics. The description for all the documents was "Portfolio Company & Industry Data." As Penn has failed to explain when or for what purpose Ms. Robiso was retained, the Commission moved to compel the production of these documents or for the Court to conduct an *in camera* review.

**The Documents Provided to AEI Are Not Privileged**

Courts in this circuit have recognized that "factual materials considered by testifying experts in forming their opinions are not protected work-product." *In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*, 293 F.R.D. 568, 575 (S.D.N.Y. 2013), *citing Ecuadorian Plaintiffs v. Chevron Corp.*, 619 F.3d 373, 378 (5th Cir. 2010). Accordingly, Penn's designation of AEI as his testifying expert waived any privilege that might otherwise attach to the documents he provided to AEI for its consideration.

Penn has not suggested that AEI has ever been "retained or specially employed…in anticipation of litigation or to prepare for trial," as required by Rule 26(b)(4)(D). The Court's

Hon. Judge Caproni
Page 2

Order appears to raise the question whether, by implicitly de-designating AEI as a testifying expert witness, Penn can convert AEI, which appears to have been consulted only as a potential testifying expert, into a consulting expert, thereby insulating from discovery any factual materials that were produced to AEI in connection with its then-anticipated testimony. The Commission respectfully submits that Penn may not so insulate these documents from discovery, and requests that the Court review documents 1-16 on the AEI Log to determine if they contain facts that the Commission should be allowed to view.

Most cases attempting to determine the effect of de-designating a previously-identified testifying expert have done so in order to determine whether the withdrawn or "de-designated" expert could be forced to testify for the other side. *See, e.g., Anderson v. Metro-North Commuter Railroad Company*, 2016 WL 2755910 (D. Conn. May 11, 2016); *Agron v. Trustees of Columbia University in City of New York*, 176 F.R.D. 445 (S.D.N.Y. 1997); *Durflinger v. Artiles*, 727 F.2d 888 (10th Cir. 1984); *Brigham Young Univ. v. Pfizer, Inc.*, 2012 WL 1029304 (D. Utah Mar. 26, 2012); *Kowalsky v. Dakota, Minnesota & E. R.R. Corp.*, 2009 WL 10692837, at *4-5 (D. Wyo. Oct. 15, 2009). Forcing an expert to testify, or even be deposed, raises policy issues not present here, such as allowing one party to "benefit from the effort and expense incurred by the other in preparing its case" and allowing the other party to use the prior retention of the expert by the other side to influence the jury. *See Rubel v. Eli Lilly & Co.*, 160 F.R.D. 458, 459-61 (S.D.N.Y. 1995) (discussing policy considerations behind protection for consulting experts).

The Commission does not seek to require either AEI or Ms. Robiso to be deposed or testify. It asks only that this Court review the sixteen documents on AEI's privilege log *in camera* to determine whether any of them include "factual materials" provided to AEI for use in its then-anticipated testimony. When the documents were disclosed to AEI, Penn chose to waive any privilege that might have protected those documents, expecting that AEI would use them for his benefit. It was only after learning that AEI would not use them for his benefit that he de-designated the expert and attempted to preclude the discovery of the documents.

The other policy considerations behind protecting consulting experts do not apply. Consulting expert protection "allow[s] counsel to obtain the expert advice they need in order properly to evaluate and present their clients' positions without fear that every consultation with an expert may yield grist for the adversary's mill." *Rubel*, 160 F.R.D. at 460. Penn chose to designate AEI as a testifying expert – a decision that could be expected to lead to the disclosure of the documents. Allowing him to "designate an expert as testifying and then after obtaining an unfavorable opinion, simply reclassify[] that expert as non-testifying to the detriment of the opposing side to avoid any negative consequences" would be allowing him to use the protection as a sword, not a shield. See *Brigham Young Univ.*, 2012 WL 1029304, at *4. As the Commission does not seek even a deposition, there is no concern that permitting the requested relief will "diminish the willingness of experts to serve as consultants [or be] unfair to the experts." *Id.*

Although the Commission staff has identified no case analyzing the precise question presented here, two cases analyze whether a de-designated expert can be subpoenaed for documents and deposition testimony. In the first, a Delaware district court held a party cannot "invoke an already waived privilege simply by changing the designation of an expert from 'testifying' to 'non-testifying.'" *CP Kelco U.S. Inc. v. Pharmacia Corp.*, 213 F.R.D. 176, 179 (D. Del. 2003). Pharmacia provided documents to its testifying expert to consider in formulating his expert testimony, but did not produce them to the other party. Once this omission was discovered, Pharmacia de-designated the expert and argued the documents need not be produced. The court

Hon. Judge Caproni
Page 3

disagreed, ruling: "It would be manifestly unfair to allow a party to use the privilege to shield information which it had deliberately chosen to use offensively, as Pharmacia did in this instance when it used the allegedly privileged documents to arm its expert for testimony." *Id.*

Here, as in *CP Kelco*, Penn and his team tried to use certain documents "offensively," by providing them to a designated testifying expert for consideration, and by doing so, identified them as relevant to this matter. Now, presumably having learned the documents do not support his claims, Penn replaced AEI with a new expert and has not provided that expert with the same documents. While Penn argues that the documents provided to AEI were work product protected from disclosure, his failure to provide the same documents to his new testifying expert suggests that the documents contained facts – facts that should be made available to the Commission.

Penn's apparent goal of avoiding disclosure of relevant facts distinguishes the second relevant case, *Netjumper Software, L.L.C. v. Google, Inc.*, 2005 WL 3046271 (S.D.N.Y. Nov. 10, 2005). In that case, Google sought to obtain documents and testimony from an expert originally designated by Netjumper as a testifying expert. In concluding that the expert should be considered a consulting expert, the court focused on the need to protect Netjumper's "diligent trial preparation" efforts. Distinguishing *CP Kelco*, the court noted that there was no reason to believe that Netjumper had de-designated the expert in order to "avoid producing documents consulted by the expert in preparation for the deposition." *Id.* at * 3.

**Exceptional Circumstances Exist**

Even if this Court were to consider AEI a consulting expert, this case presents the "exceptional circumstances" that would require the limited discovery sought by the Commission even from a consulting expert. Although this Court's February 5, 2018 order (Docket No. 248) directing AEI to produce a privilege log stated that AEI could "identify" and withhold from production any documents that "have been previously produced by other witnesses or parties," AEI has not identified any such documents, and the Commission did not receive any documents from the current testifying expert that appear to match the descriptions set forth in the log. In addition, Penn has told the Court and the Commission staff that he gave responsive documents to his attorney and no longer has them in his possession.  November 2, 2017 (Docket No. 217 9:6-13). Because Penn no longer has the documents, the Commission cannot obtain them from Penn. Accordingly, it appears that the documents on AEI's privilege log are unique documents that are not available to the Commission from any other party.

Under these circumstances, it appears that: a) Mr. Orr gave the documents to AEI; b) AEI advised Mr. Orr that the documents contained facts harmful to Penn's position; and c) Mr. Orr fired AEI and hired Woody Victor, giving the new expert only documents that AEI had not identified as problematic for Penn. The most reasonable inference here is that the documents contain "facts on the same subject" as the anticipated expert testimony that the Commission cannot obtain by other means. If they do not, that fact can be ascertained by *in camera* review.

Respectfully submitted,

Howard A. Fischer
Senior Trial Counsel

cc:    Lawrence Penn (via ECF and email)
       Ian Orr, Esq. (via ECF and email)