# ORR & BROWN, P.C.

75 S. BROADWAY
WHITE PLAINS, NY 10601
914-428-7700 (P) 914-428-7701 (F)

April 4, 2018

**BY ECF**

The Honorable Valerie E. Caproni
United States Courthouse
40 Foley Square
New York, NY 10007

   Re:  SEC v. Penn, et al., No. 14 Civ. 0581 (VEC)

Dear Judge Caproni:

      We are submitting this letter in response to the Court's Order of March 28, 2018 directing the parties to submit a Letter Motion to address whether Appraisal Economics, Inc. (AEI) is an expert witness, as defined by Rule 26(a)(2)(B) for the purposes of Rule 2(B)(4)(c).

**Background**

      The privileged documents were sought by the SEC pursuant to subpoenas issued to Appraisal Economics, Inc. (AEI). AEI was hired by my office as experts on November 10, 2017 to produce a valuation of Mr. Penn's interest.  To be clear, AEI is solely my expert, not Penn's expert.  AEI was hired through retainer by my office to be utilized for two proceedings. However, on or about November 21, 2017 a new expert was hired (Woody Victor) and AEI was no longer retained. The SEC served subpoenas on the members of AEI, Paul Engel & Scott Vandervliet, on or about November 20, 2017, one day before they were no longer retained.

      However, even after the Defendants withdrew AEI as experts and disclosed their new expert, the SEC continued to pursue documentation from AEI, including privileged documents. In fact, the SEC continued its unbridled pursuit, even after receiving subpoenaed documents from the new expert (Woody Victor) and deposing Mr. Victor as an expert witness in the action.

**Disclosure From a Non-Retained Expert**

      The testimony and/or documents of a non-retained expert are only discoverable upon a showing of "exceptional circumstances."  Specifically, Fed. R. Civ. P. 26(b)(4)(D)(ii) states:

> A party may, through interrogatories or by deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and ***who is not*** another party in anticipation of litigation or preparation for trial and ***who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances*** under which it is

Honorable Valerie E. Caproni
April 4, 2018

> *exceptional circumstances* under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means. (emphasis added)

The SEC only desires the subpoenaed documents to "see" if the non-retained experts received the same documents as the actual retained expert. Clearly the SEC's motives are not compelling and do not constitute an exceptional circumstance. Furthermore, it is clear and undisputed that AEI will not be called as a witness at trial, as they did not produce an expert report or any documentation, in this action. Fed. R. Civ. P. 35(b) is inapplicable to this matter.

Here, the SEC does not even seek facts known or opinions held by a former expert, as AEI was only retained for 10 days and did not create an expert report, provide any testimony or produce any documentation in this action. The SEC's request for privileged documentation appears frivolous and clearly does not meet the threshold of "exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means."

**Work-Product Privilege**

In *Georg F.W. Schaeffler, Schaeffler Holding GMBH & Co. v. United States*, 806 F.3d 34 (2nd Cir., 2015), the Court of Appeals for the Second Circuit defined the application of the work-product privilege, as well as the common interest doctrine, to cases such as the instant matter. In short, that Court concluded that analytical documents prepared in anticipation of litigation, such as those identified in the Privilege Log, are absolutely privileged and protected by the work product doctrine. The Appeals Court goes further to state that even if those documents are shared with a person or entity other than one who prepared it or for whom it was prepared, the documents *remain* privileged, if the sharing entities have a common interest with each other. The Appeals Court properly applied the work product and common interest doctrines to find that privileged documents must remain protected outside of exceptional circumstances. We do not have any exceptional circumstances present in the current action.

The Appeals Court also relies on *United States v. Adlman,* 134 F.3d 1194, 1196 (2d Cir.1998); wherein that Court further defined the work product privilege standard. That standard states that "Documents prepared in anticipation of litigation are work product, even when they are also intended to assist in business dealings." See, *Adlman,* at 1204. The SEC does not dispute that the privileged documents were prepared in anticipation of litigation, they simply ask this Court to let them see the documents anyway, without any exceptional circumstance or compelling reason for the same. Relevant precedent from the Court of Appeals does not allow for a party to breach or challenge an asserted privilege without justification and this Court should not either.

**AEI is Not Subject to Rule 26(a)(2)(b)**

Rule 26(a)(2)(b) requires a witness who is required to provide a report (i.e. expert), to submit to certain disclosure requirements. However, the statute defines the applicability of the same to someone "who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involves giving expert testimony, be accompanied by a written report prepared and signed by the witness."

Honorable Valerie E. Caproni
April 4, 2018

In the current matter, AEI does meet any part of the definition within the statute. AEI is not retained or specially employed to provide expert testimony, nor has AEI ever provided expert testimony which could be the subject of disclosure. AEI is not an employee of any party and they have not regularly or ever provided expert testimony for any party in this action. Finally, AEI has not produced a written report, nor signed one as a witness. In fact, AEI has produced absolutely nothing in the action.

In fact, there is no discernable legal precedent wherein a former expert, hired for 10 days, who never produced a report, document, or provided any testimony was subjected to Fed. R. Civ. P. 26(a)(2)(b) and was required to produce privileged documents received from counsel. It has never happened because the Rule is simply not applicable to AEI, or any other former expert, who clearly does not meet the conditions of the statute. Specifically, the inapplicability becomes crystal clear when you examine Rule 26(a)(2)(a) which immediately precedes and states:

> "In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence."

It becomes obvious that the entire statute is intended to address and require disclosure relevant to someone who is actually going to testify or present evidence at trial, not a former 10-day expert, who never produced a single document or opinion. There is no legal precedent or foundation to support the application of the statute to the current matter.

**Conclusion**

The SEC needs to jump two legal hurdles to necessitate the production of the privileged documents. They need to first demonstrate there is an "exceptional circumstance" that requires the asserted privilege to be breached. Then, they would need to find a statute or any legal precedent that would mandate the production of privileged documents received by a former expert; who has never produced a report or any documentation and is not providing testimony in the action. The SEC has failed at both endeavors. In answer to the Court's query, there is no precedent to suggest that Fed. R. Civ. P. 26(a)(b)(2) is applicable to the former expert, AEI. The SEC has routinely attempted to somehow make AEI, Penn's expert, as a means to breach the claimed privilege.

They also continue to ignore the common interest doctrine, as defined by the Court of Appeals, which protects the disclosure of privileged documents among parties with a common interest.

Respectfully submitted,

Ian D. Orr
Orr & Brown, P.C.

cc: Lawrence Penn (via ECF/Email)
Howard Fischer, Esq. & Kate Bromberg, Esq. (via ECF/Email)