# ORR & BROWN, P.C.
## 75 S. BROADWAY
### WHITE PLAINS, NY 10601
914-428-7700 (P) 914-428-7701 (F)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___07/22/2019___

**MEMO ENDORSED**

July 18, 2019

**BY ECF**

The Honorable Valerie E. Caproni
United States Courthouse
40 Foley Square
New York, NY 10007

    **Re: SEC v. Penn, et al., No. 14 Civ. 0581 (VEC)**

Dear Judge Caproni:

    I am submitting this letter in response to the letter submitted by the SEC, which purported to provide unsolicited "facts" regarding my representation of the Camelot Entities. Without going into any detail that may breach confidentiality, I would like to bring two "facts" to the Court's attention in response to the letter submitted by the SEC.

    Although it appears from the SEC correspondence, that the SEC is still lobbying for the Court to grant their summary judgment motion unopposed, as a matter of fact, the Court has already addressed the submission of opposition papers to the SEC motion, in its July 8, 2019 Court Order. As such, the fact that a response to the SEC motion was not received by June 4, 2019 and the fact that no extensions of time were requested by any party, are both completely irrelevant at this point.

    The second fact that was not mentioned in the SEC correspondence was that I personally made the SEC aware within our conversations regarding their motion, that I was unsure as to whether my firm would be submitting *any* response in opposition to their proposed motion and that I would need to speak further with my client on the matter, before responding. Ms. Willenken stated that if I was unable to speak with my client and respond regarding their proposed settlement by a date certain, she would proceed with the motion we discussed. That is exactly what occurred.

    As such, the SEC's "chronology of events" illustrates nothing new or relevant to this Court and amounts to veiled request for the Court to grant their motion, as unopposed. Once again, as the Court has already ruled on this issue, I hope the SEC can accept the Court's Order

without submitting any further irrelevant facts or unnecessary correspondence on the matter. Thank you.

Respectfully submitted,

Ian D. Orr
Orr & Brown, P.C.

cc: Lawrence Penn (via Email)

By Mr. Orr's own admission, he was not terminated from representation of the Camelot Entities until June 5, 2019, a day after an opposition to the SEC's motion for summary judgment became due. Mr. Orr's failure to file an opposition to the SEC's motion for summary judgment has caused unnecessary delay, contributing to Mr. Penn's misguided attempts to represent the Camelot Entities himself. In fact, there is no indication that Mr. Orr even prepared to file a timely opposition to the SEC's motion or gave any thought to the fact that an extension was necessary. Mr. Orr's belated termination is irrelevant to his obligations as counsel of record.

The Court also finds that Mr. Orr knowingly abdicated his duties as an officer of the Court. He apparently recognized that the Court must be informed of his termination. Yet, rather than inform the Court himself as he is duty-bound to do, he decided to let Mr. Penn, a layperson, perform Mr. Orr's duties as an attorney. Nor did Mr. Orr make even a basic effort to confirm whether Mr. Penn in fact informed the Court as he instructed, even assuming the delegation was appropriate.

Moreover, even after being informed by the Court of his failure to file a motion to withdraw as counsel, Mr. Orr continued to insist that such a motion was moot until the Court's third order on the issue. Additionally, notwithstanding Mr. Orr's prolific use of the passive voice, the Court is not convinced that he did not receive notice of this Court's orders, as he would have continued to receive ECF notifications, notwithstanding his termination.

For those reasons, the Court finds that monetary sanctions are appropriate pursuant to Rule 16(f), for violating this Court's scheduling order regarding the SEC's motion for summary judgment, and pursuant to 28 U.S.C. § 1927, for causing unnecessary delay and expense, both to the SEC and the Court. Alternatively, the Court finds that Mr. Orr has ignored this Court's orders in bad faith and that sanctions would also be appropriate under the Court's inherent powers.

Mr. Ian D. Orr is directed to pay $500 in fines to the Clerk of Court, no later than **July 26, 2019**. Mr. Orr is further directed to pay $500 to the SEC for causing delay and wasting opposing counsel's time and resources, no later than **July 26, 2019**. Mr. Orr must file proof of payment as to both sanctions no later than **July 26, 2019**, at which point the Court will consider his motion to withdraw pursuant to Local Rule 1.4.

SO ORDERED.          Date: 07/22/2019

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE