USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/30/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

*Plaintiff,*

v.

LAWRENCE E. PENN III, ALTURA ST. MICHAEL EWERS, CAMELOT ACQUISITIONS SECONDARY OPPORTUNITIES MANAGEMENT, LLC, THE CAMELOT GROUP INTERNATIONAL, LLC and SSECURION LLC,

*Defendants,*

- AND -

A BIGHOUSE FILM AND PHOTOGRAPHY STUDIO LLC,

*Relief Defendant.*

14 CIV. 0581 (VEC)
ECF CASE

### FINAL JUDGMENT AS TO DEFENDANT
### THE CAMELOT GROUP INTERNATIONAL, LLC

**WHEREAS** on January 30, 2014, Plaintiff Securities and Exchange Commission (the "Commission") commenced this action by filing a Complaint, Order to Show Cause, and supporting papers, including a memorandum of law, declarations, and exhibits, for its emergency application for a temporary restraining order, preliminary injunction, asset freeze and other relief;

**WHEREAS** the same day, the Court entered an Order to Show Cause, Temporary Restraining Order, and Order Freezing Assets and Granting Other Relief (Docket Entry 2);

**WHEREAS** the Court entered an Order Imposing Preliminary Injunction and Other Relief Against Defendants Lawrence E. Penn III ("Penn"), Camelot Acquisitions Secondary Opportunities Management, LLC ("CASO Management"), and The Camelot Group

1

International, LLC ("CGI") on July 11, 2014 (Docket Entry 56) that, among other things, froze the defendants' assets pending the final disposition of this action;

**WHEREAS** Defendant CGI entered a general appearance;

**WHEREAS** on October 1, 2018, the Court entered a final judgment as to Defendant Penn ordering him to pay disgorgement of $9,286,916.65, plus prejudgment interest at the IRS underpayment rate, and a civil penalty of $9,286,916.65 (Docket Entry 300); and

**WHEREAS** on March 17, 2020, the Court granted the Commission's motion for summary judgment against Defendant CGI (Docket Entry 335):

**I.**

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant CGI is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant

CGI's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant CGI or with anyone described in (a).

## II.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant CGI is permanently restrained and enjoined from violating, directly or indirectly, Sections 206(1) and 206(2) of the Advisers Act [15 U.S.C. §§ 80b-6(1), (2)] by, while acting as an investment adviser, using the mails or any means or instrumentality of interstate commerce:

(a) to employ any device, scheme or artifice to defraud any client or prospective client; or

(b) to engage in any transaction, practice or course of business which operates as a fraud or deceit upon any client or prospective client.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant CGI's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with CASO Management or with anyone described in (a).

## III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant CGI is jointly and severally liable with Defendant Penn for disgorgement in the amount of $8,627,004, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $2,556,971.61, for a total of $11,183,975.61. Defendant CGI shall satisfy this obligation by paying $11,183,975.61 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant CGI may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made

directly from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Defendant CGI may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; The Camelot Group International, LLC as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant CGI shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant CGI relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant CGI.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Defendant CGI shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant CGI shall pay a civil penalty in the amount of $8,627,004 to the Securities and Exchange Commission pursuant to Section 21(d) of the Exchange Act and Section 209(e) of the Advisers Act. Defendant CGI shall make this payment within 14 days after entry of this Final Judgment.

Defendant CGI may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant CGI may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>    Enterprise Services Center
>    Accounts Receivable Branch
>    6500 South MacArthur Boulevard
>    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; The Camelot Group International, LLC as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant CGI shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant CGI relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant CGI. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant CGI shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: April 30, 2020

*/s/ Valerie Caproni*
HONORABLE VALERIE E. CAPRONI
UNITED STATES DISTRICT JUDGE

Case 1:14-cv-00581-VEC Document 369 Filed 04/30/20 Page 6 of 6