UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

*Plaintiff,*

v.

LAWRENCE E. PENN III, ALTURA ST. MICHAEL EWERS, CAMELOT ACQUISITIONS SECONDARY OPPORTUNITIES MANAGEMENT, LLC, THE CAMELOT GROUP INTERNATIONAL, LLC and SSECURION LLC,

*Defendants,*

- AND -

A BIGHOUSE FILM AND PHOTOGRAPHY STUDIO LLC,

*Relief Defendant.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 04/30/2020

14 CIV. 0581 (VEC)
ECF CASE

# FINAL JUDGMENT AS TO DEFENDANT
# CAMELOT ACQUISITIONS SECONDARY OPPORTUNITIES MANAGEMENT, LLC

**WHEREAS** on January 30, 2014, Plaintiff Securities and Exchange Commission (the "Commission") commenced this action by filing a Complaint, Order to Show Cause, and supporting papers, including a memorandum of law, declarations, and exhibits, for its emergency application for a temporary restraining order, preliminary injunction, asset freeze and other relief;

**WHEREAS** the same day, the Court entered an Order to Show Cause, Temporary Restraining Order, and Order Freezing Assets and Granting Other Relief (Docket Entry 2);

**WHEREAS** the Court entered an Order Imposing Preliminary Injunction and Other Relief Against Defendants Lawrence E. Penn III ("Penn"), Camelot Acquisitions Secondary Opportunities Management, LLC ("CASO Management"), and The Camelot Group

1

International, LLC ("CGI") on July 11, 2014 (Docket Entry 56) that, among other things, froze the defendants' assets pending the final disposition of this action;

**WHEREAS** Defendant CASO Management entered a general appearance;

**WHEREAS** on October 1, 2018, the Court entered a final judgment as to Defendant Penn ordering him to pay disgorgement of $9,286,916.65, plus prejudgment interest at the IRS underpayment rate, and a civil penalty of $9,286,916.65 (Docket Entry 300); and

**WHEREAS** on March 17, 2020, the Court granted the Commission's motion for summary judgment against Defendant CASO Management (Docket Entry 335):

**I.**

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant CASO Management is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant CASO Management's officers, agents, servants, employees, and attorneys; and (b) other persons

2

in active concert or participation with Defendant CASO Management or with anyone described in (a).

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant CASO Management is permanently restrained and enjoined from violating, directly or indirectly, Section 204 of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. § 80b-4] and Rule 204-2 promulgated thereunder [17 C.F.R. § 275.204-2] by, while acting as an investment adviser who makes use of the mails or any means or instrumentality of interstate commerce in connection with its business as an investment adviser (other than one specifically exempt from registration under the Advisers Act), failing to make, keep, maintain on its premises, and provide to the Commission such records and reports as the Commission by rule may prescribe as necessary or appropriate in the public interest or for the protection of investors.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant CASO Management's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant CASO Management or with anyone described in (a).

## III.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant CASO Management is permanently restrained and enjoined from violating, directly or indirectly, Sections 206(1) and 206(2) of the Advisers Act [15 U.S.C. §§ 80b-6(1), (2)] by, while acting as an investment adviser, using the mails or any means or instrumentality of interstate commerce:

3

(a) to employ any device, scheme or artifice to defraud any client or prospective client; or

(b) to engage in any transaction, practice or course of business which operates as a fraud or deceit upon any client or prospective client.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant CASO Management's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant CASO Management or with anyone described in (a).

### IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant CASO Management is jointly and severally liable with Defendant Penn for disgorgement in the amount of $440,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $132,095.10, for a total of $572,095.10. Defendant CASO Management shall satisfy this obligation by paying $572,095.10 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant CASO Management may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant CASO Management may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

4

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Camelot Acquisitions Secondary Opportunities Management, LLC as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant CASO Management shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant CASO Management relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant CASO Management.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant CASO Management shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant CASO Management shall pay a civil penalty in the amount of $440,000 to the Securities and Exchange

5

Commission pursuant to Section 21(d) of the Exchange Act and Section 209(e) of the Advisers Act. Defendant CASO Management shall make this payment within 14 days after entry of this Final Judgment.

Defendant CASO Management may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant CASO Management may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Camelot Acquisitions Secondary Opportunities Management, LLC as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant CASO Management shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant CASO Management relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant CASO Management. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant CASO Management shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: April 30, 2020

_____
HONORABLE VALERIE E. CAPRONI
UNITED STATES DISTRICT JUDGE