

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
Brookfield Place, 200 Vesey Street, Suite 400
New York, NY 10281-1022

NEW YORK
REGIONAL OFFICE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _08/19/2020_

August 3, 2020

**By ECF**

The Honorable Valerie E. Caproni
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**MEMO ENDORSED**

Re:   <u>SEC v. Penn, et al., No. 14 Civ. 0581 (VEC)</u>

Dear Judge Caproni:

     Plaintiff Securities and Exchange Commission ("SEC") respectfully opposes the request of Defendants Camelot Acquisitions Secondary Opportunities Management, LLC ("Camelot Acquisitions") and Camelot Group International, LLC ("Camelot Group," and together the "Camelot Entities") to stay the briefing schedule on the SEC's pending turnover motion until after the resolution of their "forthcoming motion under Rule 60(b)." (Dkt. No. 363.) The schedule on the pending turnover motion has been fixed, with certain modifications, for months (see Dkt. Nos. 338, 349). The Camelot Entities—after failing to oppose the grant of summary judgment from which they now apparently intend to seek relief under Rule 60(b)—would suffer no prejudice from completing briefing on the turnover motion while the parties brief the Rule 60(b) motion. Instead, the Court should allow briefing on the SEC's turnover motion to proceed as scheduled and schedule concurrent briefing on the Camelot Entities' Rule 60(b) motion with the deadlines the SEC proposes below.

     As background, in early 2019, the Court first set the schedule for the SEC's motion for summary judgment against the Camelot Entities, with their opposition then due by June 4, 2019. (Dkt. No. 311.) After an interim extension, the Court gave the entities until July 22, 2019 to file a proper opposition through counsel. (Dkt. No. 323.) The Camelot Entities failed to file any such opposition. On March 17, 2020, the Court granted the SEC's summary judgment motion and instructed the SEC to propose a briefing schedule for its anticipated turnover motion. (Dkt. No. 335 at 15.) On April 30, 2020, the Court entered final judgments against the Camelot Entities (Dkt. Nos. 339, 340), from which they did not appeal.

     Meanwhile, over the course of this six-year-old litigation, the Court found that defendant Lawrence E. Penn III ("Penn"), who owned and "completely dominated" the Camelot Entities (Dkt. No. 335 at 7-8), repeatedly sought to delay this action. (Dkt. Nos. 297 at 3-4 (reciting history of the evidentiary hearing on Penn's disgorgement amount, in which he requested multiple adjournments before ultimately failing to appear); 319 at 12 (noting that the timing of Penn's motion to disqualify suggested he was "attempting to exploit judicial processes in an effort to delay what he expects to be an adverse judgment against entities that he controls").

Hon. Valerie E. Caproni
August 19, 2020
Page 2

      Almost two months ago, on June 22, 2020, the Supreme Court issued its decision in *Liu v. SEC*, which held that "a disgorgement award that does not exceed a wrongdoer's net profits and is awarded for victims is equitable relief permissible" under the federal securities laws. 140 S. Ct. 1936, 1940 (2020). On July 2, 2020, the Court set the current schedule for the pending turnover motion, by which the Camelot Entities (and other defendants) must file any opposition by September 2, 2020. (Dkt. No. 348.) Pursuant to that schedule, the SEC filed its moving papers on July 22, 2020 (Dkt. Nos. 350-52), and on August 17, 2020, it filed consents from certain non-parties, while seeking the issuance of an Order to Show Cause as to others (Dkt Nos. 356-62). Yesterday, the Camelot Entities filed their letter seeking to stay the turnover motion schedule given their anticipated Rule 60(b) motion based on *Liu*. Rather than proposing a briefing schedule on their motion, they request a "telephonic conference to set a briefing schedule."

      The SEC opposes any delay in the turnover motion schedule because the SEC has a strong interest in resolving this litigation promptly so that any distribution to injured investors can be accomplished. As an initial matter, the SEC does not anticipate that the Camelot Entities' Rule 60(b) motion will have any merit, for substantive and procedural reasons. In any event, the Camelot Entities have offered no reason why their proposed Rule 60(b) motion cannot be briefed concurrently with the turnover motion. The *Liu* decision does not touch on SEC civil penalties, and the civil penalties the Court ordered against the Camelot Entities on summary judgment—$8,627,004 for Camelot Group and $440,000 for Camelot Acquisitions—far exceed the $160,000 and $4,400 in frozen assets in the respective Camelot Entities' names that the SEC's turnover motion seeks to have turned over. Therefore, even in the unlikely event that the Camelot Entities' Rule 60(b) motion were successful in relieving those defendants of their disgorgement obligation, it would have no bearing on the turnover motion.

      The SEC therefore respectfully requests that the Court issue the requested Order to Show Cause on the turnover motion today, in accordance with the previously established schedule (Dkt. No. 349), and that any response by the Camelot Entities (or others) and any reply by the SEC remain due on September 2 and September 9, 2020, respectively. The SEC further proposes that briefing on the anticipated Rule 60(b) motion occur on the following schedule:

- September 16, 2020: Deadline for the Camelot Entities to file their Rule 60(b) motion papers;
- October 14, 2020: Deadline for the SEC to file opposition papers; and
- October 28, 2020: Deadline for the Camelot Entities to file any reply papers.

      For the foregoing reasons, the Court should deny the Camelot Entities' request to stay the briefing schedule on the SEC's turnover motion.

                                         Respectfully submitted,

                                         Karen E. Willenken
                                         Senior Counsel

cc:     Keith W. Miller, Esq. (by email)
        Lawrence E. Penn III (by email)

The Court agrees with the SEC that there is no reason why the motions cannot be briefed concurrently.

A teleconference is hereby scheduled for **August 25, 2020, at 2:00 P.M.** All parties and any interested members of the public must attend by dialing 1-888-363-4749, using the access code 3121171 and the security code 0581. All attendees are advised to mute their phones when not speaking and to self-identify each time they speak.

Mr. Penn's motion for an extension of the show-cause schedule is denied; as the SEC has pointed out, Mr. Penn has long been on notice of the current schedule.

The following schedule shall apply to the Camelot Entities' Rule 60(b) motion:

- **September 4, 2020**: Deadline for the Camelot Entities to file their Rule 60(b) motion papers;
- **September 18, 2020**: Deadline for the SEC to file opposition papers; and
- **September 25, 2020**: Deadline for the Camelot Entities to file any reply papers.

The above schedule does not take into account any religious holidays; if holidays will prevent the parties from meeting that schedule, the parties must be prepared to propose an alternative schedule at the conference.

The Clerk of Court is respectfully directed to terminate docket entries 355 and 363.

SO ORDERED.                          Date: 08/19/2020

*Valerie Caproni*

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE