UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  08/29/2020

SECURITIES AND EXCHANGE COMMISSION,

                    Plaintiff,

**No: 14-CV-0581 (VEC)**

              - v. –

**NOTICE OF MOTION TO
RECUSE AND DISQUALIFY
JUDGE VALERIE E.
CAPRONI PURSUANT TO
28 U.S.C. § 455**

LAWRENCE E. PENN, III, CAMELOT
ACQUISITIONS SECONDARY OPPORTUNITIES
MANAGEMENT, LLC, THE CAMELOT GROUP
INTERNATIONAL, LLC, AND SSECURION LLC,

                    Defendants,

**ECF CASE**

              - AND –

A BIGHOUSE PHOTOGRAPHY AND FILM STUDIO
LLC,



                  Relief Defendant.

## NOTICE OF MOTION

PLEASE TAKE NOTICE THAT on September 11, 2020, at 2:00 p.m. of that day or as

soon thereafter as may be heard in Courtroom of the appropriate justice at the United States

District Court for the Southern District of New York at 40 Foley Square, Courtroom 1106,

New York 10007 as Defendant LAWRENCE E. PENN III will, and hereby do, move for

the Disqualification of the Judge Valerie E. Caproni as a matter of fairness, justice and law,

pursuant to 28 U.S.C. § 455, on the grounds that there is evidence of bias in favor of the

Plaintiffs and prejudice against the Defendants.  This motion will be based upon the

attached points and authorities, the affidavit of LAWRENCE E. PENN III and the exhibits

attached hereto, and all pleadings and records on file in this action and parallel actions.

Dated: August 23, 2020
      New York, New York

Respectfully Submitted,

_Lawrence E Penn_

Lawrence E. Penn III
*M.A., M.S., MBA, Paralegal*
*Associate Member of ABA*
145 East 48th Street
New York, NY 10017
1-917-582-8940
Lpenn3@gmail.com

Application DENIED. The Clerk of Court is respectfully directed to terminate the pending motion at Dkt. 370.

Mr. Penn's motion is substantially similar to a motion for disqualification filed more than a year ago, on June 6, 2019. *See* Dkt. 318. Setting aside the frivolity of the arguments, the original motion was denied as untimely because Mr. Penn failed to move "at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim." Order (Dkt. 319) at 3 (quoting *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987)). Mr. Penn now cites no recently discovered information that could possibly support a timely motion; accordingly, the current motion is even more untimely than the original and is denied, again.

Moreover, "[m]ere conclusions, opinions, rumors or vague gossip are insufficient." *Hodgson v. Liquor Salesmen's Union Local No. 2 of State of N. Y., Distillery, Rectifying, Wine & Allied Workers' Int'l Union of Am., AFL-CIO*, 444 F.2d 1344, 1348 (2d Cir. 1971). Additionally, "[t]he alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge has learned from his participation in the case." *In re Int'l Bus. Machines Corp.*, 618 F.2d 923, 927 (2d Cir. 1980). The record before the Court amply demonstrates that Mr. Penn is manufacturing baseless, conclusory, and conspiratorial allegations in reaction to adverse rulings issued by this Court, rather than any extrajudicial statement or conduct. Such motions are a waste of the Court's and the SEC's time and resources.

Mr. Penn is warned that further filing of frivolous motions, including motions that attempt to relitigate substantially identical motions, or other vexatious behavior may result in sanctions.

SO ORDERED.        Date: 08/29/2020

_Valerie Caproni_

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE