USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/31/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

-against-

LAWRENCE E. PENN, III,
ALTURA ST. MICHAEL EWERS,
CAMELOT ACQUISITIONS SECONDARY
OPPORTUNITIES MANAGEMENT, LLC,
THE CAMELOT GROUP INTERNATIONAL, LLC,
and
SSECURION LLC,

        Defendants,

-and-

A BIGHOUSE FILM AND PHOTOGRAPHY
STUDIO LLC,

        Relief Defendant.

14 Civ. 0581 (VEC)
ECF Case

---

**ORDER DIRECTING J.P. MORGAN CHASE BANK, N.A.
TO TURN OVER FROZEN FUNDS IN PARTIAL SATISFACTION OF JUDGMENTS**

The Plaintiff Securities and Exchange Commission (the "Commission") having moved for a turnover order directed to non-party J.P. Morgan Chase Bank, N.A. ("Chase") with respect to certain accounts, and for the release of certain other accounts from the asset freeze imposed and continued by Orders of this Court issued on January 30, 2014 (Docket Entry 2), July 11, 2014 (Docket Entry 56), October 1, 2018 (Docket Entry 300) and/or March 15, 2020 (Docket Entry 335) (collectively, the "Asset Freeze Orders"), and the Court having considered the papers submitted on such motion, and it appearing that such an order should be issued, it is hereby:

I.

**ORDERED** that the Commission shall serve a copy of this Order upon Chase, Lawrence E. Penn III ("Penn"), Camelot Group International ("CGI") and Camelot Acquisitions Secondary Opportunities Management, LLC ("CASO Management"). Service may be made by electronic mail upon the consent of the receiving party, by overnight delivery service such as United Parcel Service, or by certified mail, return receipt requested.

II.

**FURTHER ORDERED** that the account balances turned over pursuant to Sections III, IV and V of this Order shall be paid to the Commission in three separate payments, each specifying the judgment to which such payment relates, by one of the following means:

a. Electronically, wherein the Commission will provide detailed ACH transfer/Fedwire instructions upon request made to (202) 551-7940 and/or Disgorgement-Penalty@sec.gov;

b. Direct payment from a bank account via Pay.gov through the Commission's website at http://www.sec.gov/about/offices/ofm.htm; or

c. By certified check, bank cashier's check, or United States postal money order, made payable to the "Securities and Exchange Commission" and setting forth the title and civil action number of this action ("*SEC v. Penn, et al.*, 14-cv-0581") and the name of this Court ("United States District Court, Southern District of New York"); and specifying the judgment to which such payment relates. The funds may be hand-delivered or mailed to:

>Enterprise Services Center
>Accounts Receivable Branch
>HQ Bldg., Room 181, AMZ-341
>6500 South MacArthur Boulevard
>Oklahoma City, OK 73169

Chase shall simultaneously transmit photocopies of evidence of payment and case identifying information to SEC attorneys Karen E. Willenken and Elizabeth R. Goody, by electronic mail to WillenkenK@sec.gov and GoodyE@sec.gov.

### III.

**FURTHER ORDERED** that within 14 days from receipt of this Order, Chase shall turn over to the Commission all funds remaining in Penn's account with account number ending in 5567. Such payment shall specify that payment is made pursuant to this Order in satisfaction of the Judgment entered against Lawrence E. Penn III entered on October 1, 2018.

### IV.

**FURTHER ORDERED** that within 14 days from receipt of this Order, Chase shall turn over to the Commission all funds remaining in CASO Management's account with account number ending in 1202. Such payment shall specify that payment is made pursuant to this Order in satisfaction of the Judgment entered against CASO Management entered on April 1, 2020.

### V.

**FURTHER ORDERED** that within 14 days from receipt of this Order, Chase shall turn over to the Commission all funds remaining in CGI account with account number ending in 8558. Such payment shall specify that payment is made pursuant to this Order in satisfaction of the Judgment entered against CGI entered on April 1, 2020.

## VI.

**FURTHER ORDERED**, that by making the payments set forth in Sections III, IV and V of this Order, Chase shall be forever released and discharged from any liability with respect to such funds to Penn, CGI or CASO Management, or to any person or entity claiming a right in and to such funds derived from Penn, CGI or CASO Management, and from any liability with respect to such funds as to the Commission.

## VII.

**FURTHER ORDERED** that within 21 days from receipt of this Order, Chase shall release any restrictions previously imposed, pursuant to the Asset Freeze Orders, on the use of any accounts in the names of, or controlled or owned by, any of the Defendants, if such accounts are for credit cards or lines of credit, or have zero or negative balances. Chase may restore the account(s) to normal operation or, at its election, close the account(s).

## VIII.

**FURTHER ORDERED** that this Court shall retain jurisdiction to enforce compliance with this Order.

Dated: March 31, 2021

_____
HON. VALERIE E. CAPRONI
UNITED STATES DISTRICT JUDGE