USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/31/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

*Plaintiff*,

- against -

LAWRENCE E. PENN, III, MICHAEL ST. ALTURA EWERS, CAMELOT ACQUISITIONS SECONDARY OPPORTUNITIES MANAGEMENT LLC, THE CAMELOT GROUP INTERNATIONAL, LLC, and SSECURION LLC,

*Defendants*,

- and -

A BIGHOUSE PHOTOGRAPHY AND FILM STUDIO LLC,

*Relief Defendant.*

14-CV-581 (VEC)

ORDER

---

VALERIE CAPRONI, United States District Judge:

WHEREAS on October 31, 2016, Ian Douglas Orr filed a notice of appearance in this matter as counsel for Defendants Camelot Acquisitions Secondary Opportunities Management LLC ("CASO Management") and Camelot Group International, LLC ("CGI") (collectively, the "Camelot Entities"), Dkt. 167;

WHEREAS on April 4, 2019, the Court entered a scheduling order on the Securities and Exchange Commission's ("SEC") motion for summary judgment against the Camelot Entities, Dkt. 311;

WHEREAS on April 23, 2019, the SEC timely filed its motion for summary judgment, Dkt. 313;

WHEREAS the Camelot Entities' deadline to file a response to the motion was June 4, 2019, Dkt. 311;

WHEREAS no response was received by the June 4, 2019 deadline;

WHEREAS on June 14, 2019, the Court ordered Mr. Orr to file a letter with the Court by no later than June 19, 2019, explaining: (i) whether he was continuing to represent the Camelot Entities or whether he was seeking to withdraw; (ii) his failure to respond to the SEC's motion for summary judgment; and (iii) why he did not object to Mr. Penn, a layperson, filing papers on behalf of his clients,[1] Dkt. 319 at 5;

WHEREAS the Court advised Mr. Orr that his failure to respond to the Order would result in an order to show cause why he should not be sanctioned, *id.*;

WHEREAS Mr. Orr did not respond by June 19, 2019;

WHEREAS on July 8, 2019, the Court ordered Mr. Orr to show cause why he "should not be sanctioned for failing to respond to the Court's June 14 order and for failing to represent his clients over the course of several months, including by failing to respond to the SEC's motion for summary judgment, failing to communicate with opposing counsel, failing to object to Mr. Penn's clearly improper efforts to represent Mr. Orr's clients, and failing to file a timely motion to withdraw as counsel," Dkt. 323 at 2;

WHEREAS on July 10, 2019, Mr. Orr responded to the Court's Order to Show Cause, Dkt. 324;

---

[1] On June 6, 2019, Lawrence Penn, a defendant in this action and the principal of Mr. Orr's clients, had moved on behalf of himself and on behalf of CASO Management and CGI to disqualify the undersigned.  *See* Dkt. 318.

2

WHEREAS Mr. Orr explained that Mr. Penn, as the sole member of the Camelot Entities, had terminated his representation on June 5, 2019, and that he and his firm had not been involved in the representation of the Camelot Entities since that date, *id.* at 1;

WHEREAS Mr. Orr asserted that Mr. Penn told him that he would notify the Court and the SEC about the termination, implying that Mr. Orr did not believe he had any independent responsibility to inform the Court or opposing counsel that he was no longer representing the Camelot Entities, *id.*;

WHEREAS Mr. Orr claimed he did not file a motion to withdraw as counsel because it would be moot given the termination, *id.*;

WHEREAS on July 11, 2019, the Court informed Mr. Orr that his response was inadequate because it did not explain his failure to respond to the June 14, 2019 Order or his failure to comply with Local Civil Rule 1.4, which governs attorney withdrawal, Dkt. 325;

WHEREAS on July 17, 2019, Mr. Orr responded and explained that he was not aware of the June 14, 2019 Order because he was no longer monitoring activity in the case, Dkt. 326 at 2;

WHEREAS in the same letter, Mr. Orr requested formal removal as counsel of record but also stated that he was not filing a motion to withdraw, *id.*;

WHEREAS on July 18, 2019, the SEC informed the Court that their last communication with Mr. Orr had been on March 13, 2019, Dkt. 327 at 1;

WHEREAS on July 22, 2019, the Court ordered Mr. Orr to pay $500 in sanctions to the Court and $500 to the SEC for his actions, Dkt. 329;

WHEREAS the Court explained that Mr. Orr's failure to respond to the SEC's motion for summary judgment caused unnecessary delay, that he knowingly abdicated his duties as an

officer of the Court, and that he failed to comply with Local Civil Rule 1.4, even after the Court made him aware of it, *id.*;

WHEREAS the Court sanctioned Mr. Orr pursuant to Federal Rule of Civil Procedure 16(f), 28 U.S.C. § 1927, and the Court's inherent powers, *id.*;

WHEREAS Mr. Orr paid the sanctions levied against him, Dkts. 331, 332;

WHEREAS on July 24, 2019, Mr. Orr filed a motion for reconsideration of the Court's sanctions order, Dkts. 330, 333; and

WHEREAS the legal standard governing motions for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked," *Analytical Surveys, Inc. v. Tonga Partners*, L.P., 684 F.3d 36, 54 (2d Cir. 2012) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995));

IT IS HEREBY ORDERED that Mr. Orr's motion for reconsideration is DENIED.  Mr. Orr's motion is properly characterized as a motion for reconsideration under Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3.  "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'… ." *Analytical Surveys, Inc.*, 684 F.3d at 54 (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).  This motion is an attempted second bite by Mr. Orr.  He does not explain what information the Court has overlooked; instead, he makes new arguments in opposition to the Court's issuance of sanctions. But Mr. Orr had plenty of opportunity to make such arguments in advance of the Court's decision: he could have filed a response to the June 14, 2019 Order and he could have further elaborated in his response to the Court's Order to Show Cause or in his supplemental letter,

which the Court required him to file after finding his initial response inadequate.  Mr. Orr's motion does nothing more than attempt to relitigate his prior opposition to sanctions, an issue already considered and decided by the Court.

But even if the motion for reconsideration were procedurally proper, it would be denied on the merits.  The Court entered a scheduling order requiring the Camelot Entities to respond to the SEC's motion for summary judgment by no later than June 4, 2019.  Mr. Penn terminated Mr. Orr as counsel for the Camelot Entities on June 5, 2019.  Mr. Orr claims that after speaking with Mr. Penn, he decided not to oppose the SEC's motion, which was why nothing was filed.[2]  Motion, Dkt. 333 at 2.  But the endorsement entering the SEC's proposed briefing schedule required the Camelot Entities to respond to the motion by June 4, 2019; it was not limited to a response in opposition to the motion.  Endorsement, Dkt. 311 (granting the SEC's request that it file its moving papers by April 23, 2019, "with the response of the Camelot Entities due by June 4, 2019").  The Court recognizes that opposition briefs are the most common response to motions by opposing counsel, especially after failed settlement negotiations, as was the case here.  But that only supports the conclusion that, as an attorney representing the respondents, Mr. Orr was obligated to file a timely response stating — if accurate — that the Camelot Entities had made a strategic decision not to oppose the SEC's motion.  A one sentence letter would have fulfilled Mr. Orr's obligation to the Court, his opponents, and his clients, and would have obviated unnecessary subsequent filings in this case.  While his request for reconsideration

---

[2]  The Court questions the veracity of this assertion.  In response to the Order to Show Cause why Mr. Orr should not be sanctioned, including for "failing to respond to the SEC's motion for summary judgment," Dkt. 323 at 2, Mr. Orr cited his termination as the justification for his failure to respond.  *See* Letter, Dkt. 324 at 1 ("As Orr & Brown, P.C. was terminated from legal representation for the Camelot Entities, we did not provide a response to the SEC's motion for Summary Judgment . . .").  Presumably, if the truth were that his clients had made a strategic decision not to respond to the SEC's motion, he would have said so at that time.  Instead, it was only after the SEC pointed out that Mr. Orr was fired on June 5, 2019, one day after the summary judgment response deadline, did Mr. Orr then contend that his failure to respond was the result of a strategic decision by his clients.  The Court does not look favorably on such shifting explanations.

5

indicates that the failure to respond was a strategic decision, it notably does not offer any explanation why, given that strategic decision, no timely filing was made informing the Court and his opponent of his clients' decision.

Moreover, Mr. Orr's failure to comply fully with three separate court orders caused unnecessary delay and expense and it wasted judicial time. First, his failure to inform the Court that the Camelot Entities did not oppose the motion for summary judgment led to considerable delay and confusion. Had the Court known that, when still represented, the Camelot Entities had decided not to oppose the motion, the Court would not have *sua sponte* extended their deadline to respond on two separate occasions. *See* Dkts. 319, 323. Moreover, as the Court previously found, Mr. Orr's failure to respond to the motion when he still unquestionably represented the Camelot Entities contributed directly to "Penn's misguided attempts to represent the Camelot Entities himself." Endorsement, Dkt. 329. Second, Mr. Orr also ignored the Court's June 14, 2019 Order. He claims that, although he received email notifications in this case, in light of his discharge, he was not actively monitoring them. Letter, Dkt. 326 at 2; Motion, Dkt. 333 at 4. Third, Mr. Orr failed to comply with the full scope of the Court's Order to Show Cause why sanctions should not be levied against him. The Court required Mr. Orr to show cause why he should not be sanctioned for the following reasons: (i) his failure to respond to the Court's June 14 Order; (ii) his failure to respond to the SEC's motion for summary judgment; (iii) his failure to communicate with opposing counsel; (iv) his failure to object to Mr. Penn's clearly improper efforts to represent Mr. Orr's clients; and (v) his failure to file a timely motion to withdraw as counsel. Order, Dkt. 323 at 2. Mr. Orr's response did not discuss the first and fifth issues at all and he gave only partial responses on the remaining points. Letter, Dkt. 324. In response to Mr.

Orr's inadequate response, the Court ordered him to submit a supplemental filing, further delaying these proceedings and further wasting judicial time and effort.  Endorsement, Dkt. 325.

The Court properly found that Mr. Orr knowingly abdicated his duties as an officer of the Court by failing to take appropriate action after Mr. Penn terminated his representation.  The Court gives Mr. Orr the benefit of the doubt that, as he represents in his motion for reconsideration, his failure to comply with Local Civil Rule 1.4 "was only due to [his] inexperience with termination of legal representation" in the Southern District of New York.  Motion, Dkt. 333 at 3.  But even if Mr. Orr was ignorant of court rules, it is incomprehensible that an attorney who had been a member of the bar of this court since 2011 would believe that it was appropriate to rely on Mr. Penn's supposed representation "that [Mr. Penn] would notify the Court and the SEC before proceeding to find new counsel or represent himself, Pro Se."  Letter, Dkt. 324 at 1.  Such a statement should have raised red flags, because Mr. Penn, an unlicensed layperson, cannot represent Mr. Orr's former clients, even if he is the principal of the entities.  *See* 28 U.S.C. § 1654; Fed. R. Civ. P. 11(a); *see also Lattanzio v. COMTA*, 481 F.3d 137, 139–40 (2d Cir. 2007) ("The statute [28 U.S.C. § 1654] does not permit unlicensed laymen to represent anyone else other than themselves . . . . This rationale applies equally to all artificial entities.") (cleaned up).  Moreover, Mr. Orr did nothing to verify that Mr. Penn had made good on his supposed commitment to inform the Court of the termination.  Mr. Orr admits that he continued to receive email notifications about activity in this case.  Motion, Dkt. 333 at 2.  If Mr. Orr's understanding had played out and Mr. Penn had informed the Court of the termination, then Mr. Orr should have been removed as counsel of record and his email notifications should have ceased.  Even though Mr. Orr kept receiving emails about case activity, he took no action to verify that the Court had been informed that his clients had fired him.

7

Mr. Orr's inexplicable recalcitrance around Local Civil Rule 1.4 further supports the conclusion that he knowingly abdicated his duties as an officer of the Court.  In his first response on this issue, Mr. Orr explained that because his firm "was already terminated, [the firm] did not file a motion to withdraw as counsel, as the same would appear to be moot, at that point."  Letter, Dkt. 324 at 1.  The Court informed Mr. Orr that his response was inadequate and that, "[n]otwithstanding his termination by his clients, Mr. Orr must comply with Local Civil Rule 1.4 before he can be relieved as counsel of record."  Endorsement, Dkt. 325.  Local Civil Rule 1.4 states that "[a]n attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order."  Local Civ. R. 1.4.  Instead of filing a proper motion for withdrawal in compliance with Rule 1.4, Mr. Orr insisted that his prior termination meant that he was not obligated to file "a motion requesting withdrawal, only formal removal as counsel of record, due to the termination and resulting displacement."  Letter, Dkt. 326 at 2.  Mr. Orr cited no case law for this manifestly improper reading of the Local Rule.  It was only in his motion for reconsideration that he argued that his "failure to notify[3] the Court pursuant to Local Rule 1.4 was due only to [his] inexperience with termination of legal representation" in the Southern District of New York.  Motion, Dkt. 333 at 3.  Such behavior is unprofessional, disrespectful to the Court, and wasted the Court's time.

In short, Mr. Orr's motion to reconsider the Court's sanctions order is DENIED.  Monetary sanctions were appropriate as Mr. Orr violated the Court's orders, caused unnecessary delay and expense, and wasted the Court's time.

---

[3]  Mr. Orr's use of the word "notify" in his motion for reconsideration demonstrates his continued obstinance and failure to recognize that Local Civil Rule 1.4 requires that an attorney seek and receive leave to withdraw; notification is insufficient.

The Clerk of Court is respectfully directed to mail a copy of this order to Ian Douglas Orr, Orr Law Offices, 445 Hamilton Avenue, White Plains, NY, 10601.

**SO ORDERED.**

**Date: March 31, 2021**
      **New York, NY**

                                          **VALERIE CAPRONI**
                                          **United States District Judge**