USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/9/2021

**MEMO ENDORSED**



UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

April 9, 2021

**By ECF**

The Honorable Valerie E. Caproni
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   **SEC v. Penn, et al., No. 14 Civ. 0581 (VEC)**

Dear Judge Caproni:

      Plaintiff Securities and Exchange Commission ("SEC") respectfully writes, pursuant to the Court's Order of March 31, 2021 (Dkt. No. 396), to submit a proposed amended judgment against Defendant Lawrence E. Penn III ("Penn") reflecting a revised prejudgment interest amount, together with the supporting calculations. In addition, for the reasons described below, the SEC submits a proposed corrected turnover order concerning frozen funds at First Republic Bank ("First Republic") and a new proposed order concerning the release of the contents of Defendant Camelot Group International's safe deposit box at J.P. Morgan Chase Bank, N.A. ("Chase"). The SEC has filed the proposed amended judgment and two proposed orders separately on ECF as Dkt. Nos. 403, 404, and 405, respectively.

      First, as noted in the SEC's moving papers for its turnover motion and in footnote 24 of the March 31 Order, the Court's October 1, 2018 Judgment against Penn (Dkt. No. 300) included prejudgment interest in an amount calculated from the date of the last improper withdrawal until the anticipated payoff date, without accounting for the fact that a small amount of the misappropriated funds had been frozen in the meantime. The prejudgment interest calculations attached as Exhibit A calculate prejudgment interest on the assets subject to the freeze only for the time period *before* the Court entered the freeze Order (Dkt. No. 2), to ensure that no prejudgment interest is awarded on assets while they were frozen. Specifically, to calculate the revised prejudgment interest amount, the SEC separately calculated prejudgment interest on two amounts and added them together. First, the SEC calculated prejudgment interest on the frozen funds of Penn and non-parties Camelot Acquisitions Secondary Opportunities GP, LLC, CM Growth Capital Partners, L.P. f/k/a Camelot Acquisitions Secondary Opportunities Offshore, LP, and CASO Co-Invest A, LLC—all of whose assets have been ordered turned over in partial satisfaction of the Judgment against Penn—only until the date the SEC's Complaint was filed (that is, before the freeze Order). Second, for the portion of Penn's disgorgement that the frozen funds will not satisfy, the SEC calculated prejudgment interest through the then-anticipated payoff date of October 8, 2018 (17 days from the date the SEC submitted its original prejudgment interest calculation, Dkt. No. 299), because no frozen assets are implicated in that amount. Exhibit A shows these calculations.

Hon. Valerie E. Caproni
April 9, 2021
Page 2

The amended proposed judgment, whose revised prejudgment interest amount reflects the sum of the two amounts described above, is attached as Exhibit B and has been separately filed on ECF as a proposed judgment (Dkt. No. 403). A Microsoft Word version has been sent by email to CaproniNYSDChambers@nysd.uscourts.gov. A blackline of the proposed judgment against the judgment entered in October 2018 is attached as Exhibit C. The SEC respectfully requests that the Court enter the proposed order *nunc pro tunc*. The only other changes to the amended judgment are those necessary to reflect the current procedural posture of the case.

The SEC next respectfully requests that the Court enter a proposed corrected turnover order concerning frozen funds at First Republic. The turnover order directing First Republic (Dkt. No. 399) to turn over frozen funds contains a typo in one of the account numbers. The SEC therefore respectfully requests that the Court enter a corrected order, which is attached as Exhibit D and has been separately filed on ECF as a proposed order (Dkt. No. 404). A Microsoft Word version has been sent by email to CaproniNYSDChambers@nysd.uscourts.gov. A blackline of the proposed order against the one previously entered is attached as Exhibit E.

Finally, the SEC respectfully requests that the Court issue an additional order with respect to Defendant Camelot Group International's former safe deposit box at Chase. Although the SEC requested, and the Court approved (*see* Dkt. No. 396 at 36), a release of the freeze on the property formerly contained in the safe deposit box, the proposed order submitted by the SEC and entered by the Court (Dkt. No. 401) referred only to "accounts" with zero or negative balances. It did not mention the safe deposit box property, which has no assigned dollar value, and did not provide a process by which Chase could try to return the box's contents to its owner or, if unable to do so, dispose of the contents. To clarify that process, the SEC respectfully requests that the Court enter the proposed order, which is attached as Exhibit F and has been separately filed on ECF as a proposed order (Dkt. No. 405). A Microsoft Word version has been sent by email to CaproniNYSDChambers@nysd.uscourts.gov.

Respectfully submitted,

*Karen Willenken*

Karen E. Willenken
Senior Counsel

cc: Keith W. Miller, Esq. (by email)
Lawrence E. Penn III (by email)

---

Any response by Mr. Penn to the SEC's revised calculation of prejudgment interest is due no later than **Tuesday, April 13, 2021, at 4:00 P.M.**

SO ORDERED.

*Valerie Caproni*       Date: April 9, 2021

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE